## CRAWFORD v. STATE.

No. A-11762. July 22, 1953.

(260 P. 2d 416.)

Sam J. Goodwin, Pauls Valley, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, J. The plaintiff in error, Ray Crawford, defendant below, was charged in the county court of Garvin county, Oklahoma, with the offense of operating a motor vehicle upon the public highway while under the influence of intoxicating liquor. The alleged offense occurred on or about September 17, 1951 in said county and state. The defendant was tried by a jury, convicted, and his punishment fixed at a term of 30 days in the county jail and a $250 fine, and judgment and sentence entered accordingly.

The Attorney General has moved to dismiss the appeal for the reason it was not filed within the 120 days after the judgment and sentence was rendered pursuant to statutory provisions, Title 22, O.S. 1951 § 1054. An examination of the case-made discloses that the judgment and sentence herein imposed was made and entered on October 23, 1951 though the formal preparation thereof in writing appears to have been executed on December 31, 1951. On December 31, 1951 when the motion for new trial was overruled the court made and entered its order granting the petitioner 120 days thereafter in which to perfect his appeal which appeal was not filed in this court until April 30, 1952. Computing the 120 days from the date that judgment and sentence was formally rendered in open court, which the law provides, the said appeal was perfected 69 days out of time. Under the provisions of Title 22, O.S. 1951 § 1054, misdemeanor cases must be filed not to exceed 60 days or a lawful extension thereof, not to exceed an additional 60 days, after the rendition of judgment and sentence, as therein it provides as follows:

"In misdemeanor cases the appeal must be taken within sixty days after the judgment is rendered: Provided, However, that the trial court or judge may, for good cause shown, extend the time in which such appeal may be taken not exceeding sixty days."

It appears from the record herein that the judgment was actually rendered on October 23, 1951, in open court, hence the time for perfecting appeal began to run from that date, and under the foregoing statute the appeal should have been perfected not later than 120 days thereafter or not later than February 20, 1952. It has been repeatedly held by this court that the time for perfecting an appeal is controlled by statute, and runs from the date of the entry of the judgment. Rothrock v. State, 93 Okla. Cr. 243, 226 P. 2d 997; Lewis v. State, 90 Okla. Cr. 137, 211 P. 2d 295 The formal written judgment and sentence herein was executed by the trial judge at the time the motion for new trial was overruled, but the record conclusively shows that the judgment was pronounced in open court on October 23, 1951. It has repeatedly been held that the time for perfecting an appeal in a criminal case dates from the time of the entry of the judgment and not from the time motion for new trial is overruled. Brown v. State, 89 Okla. Cr. 389, 208 P. 2d 1143; Thornton v. State, 86 Okla. Cr. 394, 193 P. 2d 609. In Linde v. State, 83 Okla. Cr. 365, 177 P. 2d 527, it is expressly held that the time for perfecting an appeal began to run from the date of the judgment and sentence and in a misdemeanor case an appeal delayed more than 120 days after such judgment and sentence was entered did not confer jurisdiction upon the court to consider said appeal. To the same effect is Stansbury v. State, 78 Okla. Cr. 206, 146 P. 2d 137. For the above and foregoing reasons, the appeal herein lodged is accordingly dismissed.

POWELL, P. J., and JONES, J., concur.