Howard Leslie HICKMAN, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13873.

Court of Criminal Appeals of Oklahoma.

June 1, 1966.

Rehearing Denied June 20, 1966.

Pat Malloy, Tulsa, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

Howard Leslie Hickman, hereinafter referred to as the defendant, was charged in the District Court of Tulsa County with the crime of Failing to Keep Narcotics Records. He was tried by a jury, found guilty, and sentenced to a fine of $1,000.00, $500.00 of which was suspended. From that judgment and sentence he now attempts to appeal to this Court.

The State has filed a Motion to Dismiss, moving that this cause be dismissed for lack of jurisdiction.

It appears from the record that judgment and sentence was rendered on May 28, 1965. Under the new statutes, the defendant was required to give written notice in open court of his intention to appeal, and request for casemade within ten days thereafter. After said written notice of intent to appeal, and request for casemade is given, defendant would automatically have six (6) months to file his appeal in a felony case in this Court. Title 22, O.S.A., §§ 1054, 1060, effective May 19, 1965.

This Court has repeatedly held that an appeal may be taken as a matter of right from a judgment of conviction, but that the manner of taking such appeal is a matter of legislative control, and the statute prescribing the manner in which an appeal can be taken is mandatory.

In the instant case, judgment and sentence was on May 28, 1965, and the Petition in Error with casemade attached was not filed until November 24, 1965.

Inasmuch as no written notice of intent to appeal or request for casemade was given in the instant cause, this Court lost jurisdiction of the case on June 7, 1965, ten days after judgment and sentence, and said judgment should have been carried out at that time.

The Motion to Dismiss by the State is hereby Sustained, and the attempted appeal is hereby dismissed.

NIX and BRETT, JJ., concur.