**Edward R. DUFOUR, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–13887.**

Court of Criminal Appeals of Oklahoma.

June 22, 1966.

S. Edward Wagner, Norman, for plaintiff in error.

Hugh H. Collum, Asst. Atty. Gen., for motion to dismiss for defendant in error.

NIX, Judge.

Edward R. Dufour, hereinafter referred to as the defendant, was charged in the District Court of McClain County with the crime of Unauthorized Use of a Motor Vehicle. He was tried by a jury, found guilty, and sentenced to Five Years in the penitentiary. From that judgment and sentence he now attempts to appeal to this Court.

The State has filed a Motion to Dismiss, moving that this cause be dismissed for lack of jurisdiction.

It appears from the record that judgment and sentence was rendered on July 7, 1965. Under the new statute, the defendant was required to give written notice of his intention to appeal and request for casemade, in open court or within Ten Days thereafter. After said written notice of intent to appeal and request for casemade is given, defendant would automatically have Six (6) months to file his appeal in a felony case in this Court. Title 22, O.S.A., §§ 1054, 1060, effective May 19, 1965.

■ This Court has repeatedly held that an appeal may be taken as a matter of right from a judgment of conviction, but that the manner of taking such appeal is a matter of legislative control, and the statute prescribing the manner in which an appeal can be taken is mandatory.

In the instant case, judgment and sentence was on July 7, 1965, and not until September 24, 1965, did the defendant write to the trial court concerning the possibility of obtaining his "file".

■■ Inasmuch as no written notice of intent to appeal or request for casemade was given in the instant cause, this Court lost jurisdiction of the case on July 17, 1965, ten days after judgment and sentence, and said judgment should have been carried out at that time. The Motion to Dismiss by the State should be, and is, hereby Sustained.

■ However, inasmuch as defendant is a pauper, and the appeal is dismissed because of a technicality, we can consider the

casemade as a transcript, and treat it as a matter of habeas corpus. See, Nard v. State, Okl.Cr., 412 P.2d 489.

We have very carefully examined the record in this cause for fundamental error, and jurisdictional error. We have examined the information, instructions excepted to, judgment and sentence, and have considered the evidence to determine that it is sufficient to support the verdict.

We have reached the conclusion that the trial court had jurisdiction of the subject matter, person of defendant, and authority under law to render judgment and sentence imposed, and did not deny defendant any of his fundamental rights.

It is therefore, the opinion of this Court that the judgment and sentence of the trial court be affirmed.

BUSSEY, P. J., and BRETT, J., concur.