Bernard GERSHON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13911.

Court of Criminal Appeals of Oklahoma.

April 12, 1967.

Rehearing Denied May 10, 1967.

Raymond Burger, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

Bernard Gershon, hereinafter referred to as the defendant, was charged in the District Court of Oklahoma County with the crime of Obtaining Money by means and use of a False and bogus check. He was tried by a jury, found guilty, and sentenced to Six (6) years in the Penitentiary. From that judgment and sentence he now attempts to appeal to this Court.

The State has filed a Motion to Dismiss, moving that this cause be dismissed for lack of jurisdiction.

It appears from the record that judgment and sentence was entered on the 23rd day of July, 1965. Under the new statute, the defendant was required to give written notice of his intention to appeal, and request for casemade, in open court at the time judgment and sentence was entered, or within ten days thereafter. After said written notice of intent to appeal and request for casemade is given, defendant would automatically have Six (6) months from date of judgment and sentence to filé his appeal in a felony case in this Court. Title 22, Okl.St.Ann. §§ 1054, 1060, effective May 19, 1965.

This Court has repeatedly held that an appeal may be taken as a matter of right from a judgment of conviction, but that the manner of taking such appeal is a matter of legislative control, and the statute prescribing the manner in which an appeal can be taken is mandatory. See Masters v. State, Okl.Cr., 408 P.2d 801. Inasmuch as no written notice of intent to appeal or request for casemade was given in the instant cause, this Court could not have acquired jurisdiction after August 2, 1965 (ten days after judgment and sentence) and the trial judge should have carried out the judgment at that time.

The Motion to Dismiss by the State is hereby Sustained, and the attempted appeal is dismissed.

BRETT, J., and NIX, P. J., concur.