Brooks Hough BEARDEN, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15084.

Court of Criminal Appeals of Oklahoma.

Oct. 8, 1969.

Stewart A. Pearce, Tulsa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Charles L. Owens, Asst. Atty. Gen., S. M. Fallis, Jr., Dist. Atty., Ted Flanagan, Asst. Dist. Atty., Tulsa, for defendant in error.

Robert L. Mason, Tulsa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Robert D. McDonald, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

Brooks Hough Bearden, hereinafter referred to as defendant, was charged by Information in the County Court of Rogers County, with the crime of Speeding in the Daytime. He was tried by a jury who found him guilty and judgment and sentence fixing his punishment at a fine in the amount of $35.00 was entered on October 1, 1968. Thereafter, he filed a Motion for New Trial which was overruled on the 16th day of October, 1968, at which time he gave oral notice of intent to appeal the conviction to this Court. On the 21st day of October, 1968, the defendant filed a written Notice of Intent to Appeal to the Court of Criminal Appeals, in the following language:

"The defendant, Brooks Hough Bearden, formally gives his written notice of his intention to appeal the above styled cause to the Court of Criminal Appeals in and for the State of Oklahoma, having heretofore given his oral notice in open court.

s/ Robert L. Mason, Attorney for Defendant

I hereby certify that on the 18th day of October, 1968, I mailed a true and exact copy of the foregoing notice of intent to appeal to Mr. Ed Carden, Assistant District Attorney, Rogers County Court House, Claremore, Oklahoma, with proper postage thereon prepaid.

s/ Robert L. Mason."

He attempted to file an appeal in this Court on the 23rd day of January, 1969, but later was permitted by the Court to withdraw and correct the record and the same was refiled in this Court on the 8th day of May, 1969. Title 22 O.S. § 1060, in effect at the time of rendition of judgment and sentence, provided in pertinent part:

"Instead of the appeal hereinbefore provided for any party desiring to appeal to the Court of Criminal Appeals in any criminal case may proceed by case-made and petition in error by filing notice of such intent and by making request for case-made, both to be made in writing, in open court, either at the time the judgment is rendered, or within ten days thereafter. * * * Instead of the case-made plaintiff in error may attach to his petition in error a transcript of the proceedings of record in the trial court."

In the instant case it is readily apparent that no writtten notice of intent to appeal was filed at the time of rendition of judgment and sentence or within ten days thereafter. As was stated in the Syllabus of Hickman v. State, Okl.Cr., 415 P.2d 195:

"1. While an appeal may be taken by defendant as a matter of right from judgment of conviction, the manner of taking and perfecting such appeal is a proper matter of legislative control, and the statute prescribing the manner in which an appeal can be taken is mandatory.

2. In order to perfect an appeal from a judgment of conviction in a criminal case, it is mandatory that notice of intent to appeal and request for casemade, both in writing, be given in open court at the time of judgment and sentence, or within ten days thereafter. Title 22, O.S.A., § 1060, effective May, 1965.

3. A failure to give such written notice of intention to appeal and request for casemade within the time provided by statutes, is fatal to the appeal, for the Court of Criminal Appeals has no jurisdiction to hear and determine appeal on its merits."

For the foregoing reasons, the attempted appeal is hereby dismissed.

BRETT, P. J., and NIX, J., concur.