**Leonard Joe BAKER, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17100.**

Court of Criminal Appeals of Oklahoma.

April 26, 1972.

Rehearing Denied May 22, 1972.

Leslie D. Page, Ponca City, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., for appellee.

OPINION

SIMMS, Judge:

Leonard Joe Baker, Appellant herein, was charged in the District Court of Kay County, Case No. CRF–70–161, with the

crime of Burglary Second Degree. He was tried by a jury, found guilty, and punishment assessed at Two (2) Years in the penitentiary. Although Appellant was represented by court-appointed counsel, he was free on bail, and is now free on $2,-500.00 appeal bond.

A review of the original record filed herein reveals that there is no formal judgment and sentence filed in this case.

 This Court has repeatedly held that although an appeal to the Court of Criminal Appeals may be taken by a defendant as a matter of constitutional right from any judgment rendered against him, appeal must be taken in manner prescribed applicable by statutes and Rules of this Court. See, Anderson v. District Court of Oklahoma County, Okl.Cr., 427 P.2d 437 (1967). Gershon v. State, Okl.Cr., 426 P.2d 822 (1967). Rose v. State, Okl.Cr., 425 P.2d 1000 (1967). Dufour v. State, Okl.Cr., 415 P.2d 604 (1966). Block v. State, Okl.Cr., 415 P.2d 491 (1966). Hickman v. State, Okl.Cr., 415 P.2d 195 (1966).

Title 22, O.S.1971, § 1051(b), states:

"The procedure for the filing of an appeal in the Court of Criminal Appeals shall be as provided in the Rules of the Court of Criminal Appeals; and the Court of Criminal Appeals shall provide by court rules, which will have the force of statute, and be in furtherance of this method of appeal: (1) The procedure to be followed by the trial courts in the preparation and authentication of transcripts and records in cases appealed under this act; * * *."

The Rules of the Court of Criminal Appeals, [22 O.S.1971, Ch. 18–Appendix] provide the method of taking an appeal under Part II, titled "Procedures for Regular Appeal from Conviction."

Rule 2.2, in setting forth requirements of perfecting an appeal to this Court, provides the definition of judgment and sentence as:

"*Rule 2.2.* Judgment and sentence record. The *formal instrument* which reflects the judgment and sentence of the trial court." (emphasis ours)

When an appeal is lodged in this Court from alleged judgment of conviction, and the transcript or original record contains no copy of the formal judgment and sentence, this Court does not acquire jurisdiction of the appeal, and such would be dismissed. Condo v. State, Okl.Cr., 389 P.2d 648. Sprouse v. State, Okl.Cr., 432 P.2d 664.

 The Designation of Record filed in the instant case does not reflect that the formal judgment and sentence was even requested of the court clerk. Furthermore, this appeal has been pending in this Court since November, 1971, and no attempt has been made to supplement the record with the judgment and sentence.

It is therefore, the opinion of this Court, that the attempted appeal filed herein should be dismissed for the reason that this Court does not have jurisdiction. Appeal dismissed.

BUSSEY, P. J., and BRETT, J., concur.