Wilford Bennie JONES, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–17490.

Court of Criminal Appeals of Oklahoma.

June 21, 1972.

Rehearing Denied Aug. 2, 1972.

Judd Black, Oklahoma City, Stephen Jones, Enid, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

SIMMS, Judge:

Wilford Bennie Jones, appellant herein, was charged in the District Court of Oklahoma County, Oklahoma, in Case No. CRF–71–1220, with the crime of Possession of Marijuana. He was tried by a jury, found guilty, and the jury assessed punishment at a fine of Three Thousand Five Hundred Dollars ($3,500.00). Appellant is currently free on an appeal bond in that amount.

A review of the original record filed herein by the appellant reveals two fatal jurisdictional defects, either one of which would require dismissal of this attempted appeal under the Rules of this Court.

Appellant's petition in error reflects that judgment and sentence was imposed on November 30, 1971. The Oklahoma Statutes governing the time for the taking of an appeal in this Court's Rules with regard to the computation of time for the taking of a felony appeal and the filing of appeal records require perfection of the appeal in a felony case and filing of the records in a felony case within six (6) months of the date of judgment and sentence. Perfection of the appeal in this case and the

filing of the required record is dated May 31, 1972, therefore, this attempted appeal is one day out of time. Title 22, O.S.1971, § 1054; Rule 2.1, subd. C(2); and Rule 2.3, subd. C.

It is settled law that while an appeal to the Court of Criminal Appeals may be taken by defendant as a matter of constitutional right from any judgment rendered against him, that appeal must be taken in the manner prescribed by the Oklahoma Statutes and the Rules of this Court. Anderson v. District Court of Oklahoma County, Okl.Cr., 427 P.2d 437 (1967). We hold that these rules with regard to time limitations as we have held concerning other time limitations in the matter of perfecting an appeal, are jurisdictional and cannot be waived. Seabourn v. State, Okl. Cr., 493 P.2d 459 (1972).

We note further that the original record in this case contains no copy of the trial court's formal judgment and sentence. When an appeal is lodged in this Court from an alleged judgment of conviction, and the transcript or original record contains no copy of the formal judgment and sentence, this Court does not acquire jurisdiction of the appeal and the same shall be dismissed. Condo v. State, Okl.Cr., 389 P.2d 648 (1964); Baker v. State, Okl.Cr., 496 P.2d 1195 (1972).

It is, therefore, the opinion of this Court that the attempted appeal filed herein should be dismissed for the reason that this Court does not have jurisdiction. We commend to the appellant's consideration the provisions of 22 O.S.1971, § 1080 et seq. Appeal dismissed.

BUSSEY, P. J., and BRETT, J., concur.

## ON REHEARING

SIMMS, Judge.

Wilford Bennie Jones, appellant herein, has petitioned this Court for a Rehearing in the above styled and numbered case, wherein, by opinion dated June 21, 1972, found at 43 O.B.J. 1910 (1972), this Court dismissed appellant's purported appeal from a conviction in the District Court of Oklahoma County, Oklahoma, for the crime of Possession of Marijuana. The jury assessed punishment at a fine of $3,500.00.

Appellant's purported appeal was dismissed for the reason that said purported appeal was out of time and improperly perfected in that no judgment and sentence appeared in the original record.

We have elected to dispose of the petition for rehearing by opinion rather than by order, since a construction of our rules is one of the basis for our decision herein.

Petition for Rehearing denied.

Our original opinion indicated the time limits set out in our Court Rules are jurisdictional and cannot be waived. The judgment and sentence was imposed November 30, 1971, and by our reckoning, the original record filed May 31, 1972, was one day late. The computation was made on the basis of Rule 2.1, subd. C(2); Rule 2.3, subd. C, and as appellant's counsel points out, Rule 2.9, subd. A(2) found at Chapter 18, Appendix to Title 22, Oklahoma Statutes.

In each of the three cited sections, the following language appears:

" . . . within six months *from* the date of judgment and sentence." (emphasis added)

Counsel for appellant contends it makes no difference whether the rule or statute reads "from" or "after," that it is clear the records were filed on time. He also contends it is the usual practice in civil cases to exclude the first day in computing any time limit and that our Court Rules provide no other method for such computation.

We disagree, and observe from the number of appeals timely filed in this Court that others have no difficulty in understanding our Rules. Henceforth, however, to avoid any possible confusion, we define the word "from" as used in the three above-cited rules, to be inclusive as to time. Thus, computation begins on the date of the judgment and sentence.

Appellant also complains this Court's Rules do not define the term, "month". We

adopt, therefore, the definition found in the statutory definition section wherein a month is defined as a calendar month. 25 O.S.1971, § 23.

In light of the foregoing, it becomes even more clear that the original record was not timely filed.

We settled an identical fact situation more than fifty years ago in Gordon v. State, 12 Okl.Cr. 103, 152 P. 142 (1915) in granting the Attorney General's motion to dismiss an appeal based upon the fact that judgment and sentence was entered November 26, 1913, and the petition in error with casemade attached was filed May 27, 1914. There, as here, we said:

" . . . It was one day too late . . ."

We note, however, there is a conflict between a portion of one of the pertinent rules and the statute which governs the time for taking an appeal. The statute, 22 O.S.1971, § 1054, states in pertinent part:

"In felony cases the appeal must be taken within six months after the judgment is rendered."

We have construed this statute and the phrase "within six months," in accord with *Gordon*, supra; in Walker v. State, Okl. Cr., 378 P.2d 783 (1963) wherein we stated the statutory time for taking an appeal in a criminal case *"runs from date of rendition of judgment."* (emphasis added) Thus, the date of judgment and sentence becomes the first day of reckoning and not the day after in the usual manner of computing time. It is to be noted also, there is a distinction between felonies and misdemeanors as to computation, since one is counted in months and the other in days, but both are computed beginning with the date of judgment and sentence.

Our Rule 2.1, subd. C, styled "Computation of Time for Appeal" ends with the following sentence:

"The date following the date of judgment and sentence is counted as the first day of the appeal period."

■ Thus, we have a situation where a portion of the rule contravenes a statutory enactment and is contrary as well to the case law. The general rule, as stated at 20 Am.Jur.2d, Courts, § 84, is that such rules can neither abrogate nor modify substantive law and further, should harmonize with, rather than nullify or modify, statutory provisions. We are in accord with this rule.

■ Therefore, we must amend that portion of our rule and we can do so by striking the 3rd, 4th, and 5th words from the offending sentence as follows:

"The date of judgment and sentence is counted as the first day of the appeal period."

Addressing the second defect, appellant admits in his petition that the original record before us is void as to a judgment and sentence or any explanation as to that void. Further, at the time the record was considered, it contained neither an application for an extension of time nor was there pending any application to supplement, expand, or complete the record.

The appellant then tells us we may take judicial notice of:

" . . . (a) the judgment and sentence in Oklahoma County is ordinarily prepared by the Office of the District Attorney and submitted to the Court and (b) appellate counsel did not represent the plaintiff in error at his trial below."

We observe from the original record, which is before us and thus not a matter of judicial notice, that appellate counsel was not attorney of record on the trial.

Insofar as appellant's understanding of the theory of judicial notice, we should like to recite the law on that point as set out in Johnson v. City of Tulsa, 97 Okl.Cr. 85, 258 P.2d 695, wherein we held:

"Before a court will take 'judicial notice' of any fact, that fact must be a matter of common and general knowledge, well established and authoritatively settled, and the test is whether sufficient notoriety attaches to the fact to make it proper to assume its existence without proof."

"If there is any possibility of dispute of a fact such fact cannot be judicially noticed."

 We are not aware of the practices regarding judgments and sentences in the Oklahoma County Court House and we have nothing before us other than the bare and unsupported statement of counsel for the appellant, hardly enough to warrant judicial notice.

Appellant next advises us that at the time he withdrew the original record on May 30, 1971, the day before filing it here, he noticed there was no judgment and sentence present and brought it to the attention of the court clerk with a letter dated the same day. The substance of that letter is to the effect that no judgment and sentence was ever prepared or filed and requested the court clerk to have the trial judge sign one and forward it so that it could be filed here.

We can only conclude from that letter that counsel for the appellant knew full well at the time he attempted to perfect his purported appeal that the original record was incomplete in that it lacked an instrument necessary to confer jurisdiction on this Court.

We also note the instrument which accompanied appellant's July 6, 1972 Application to Enlarge Record to Include Previously Designated Instruments bears a stamp indicating it is a certified copy and it purports to be the judgment and sentence in the instant case; however, on its face there appears no date and file stamp. Thus, we cannot tell whether the same has been properly filed in accordance with 22 O.S. 1971, § 977, and if so, when.

Further, we note appellant's original designation of record fails to specifically designate the judgment and sentence, but covers it with a sweeping ". . . . all instruments filed * * * and all other papers of whatever nature and description . . . ," when it would seem imperative to set out by specific name that instrument without which jurisdiction cannot vest in this Court.

In view of the foregoing, appellant's petition for rehearing is, and the same is hereby, denied.

BUSSEY, P. J., concurs.

BRETT, Judge (specially concurring):

I agree that this Petition for Rehearing should be denied, but I do not agree that the Rules of this Court should be changed to satisfy the fallacious reasoning of appellant's attorney.