**Loraletta Faye QUICK, Appellant,**

v.

**The CITY OF TULSA, Appellee.**

**No. PC–75–520.**

Court of Criminal Appeals of Oklahoma.

Nov. 13, 1975.

John Street, Tulsa, for appellant.

Richard Kallsnick, Asst. City Atty., Tulsa, for appellee.

## OPINION

BRETT, Presiding Judge:

Appellant, Loraletta Faye Quick, hereinafter referred to as defendant, was convicted of the crime of Outraging Public

Decency after a trial by jury in the Municipal Court of the City of Tulsa, Case No. 187727. In accordance with the verdict of the jury, she was sentenced to serve a term of ninety (90) days in jail and to pay a fine of Three Hundred ($300.00) Dollars. The jail term was suspended by the court.

This is the second time this defendant has sought appellate review by this Court of her Municipal Court conviction. An attempted appeal was dismissed by order of this Court on July 8, 1975, because of certain jurisdictional defects which appeared on the face of the petition in error. The matter is now presented to us in the form of a "Petition for Post-Conviction Relief" and an "Amendment to Petition for Post-Conviction Relief" wherein the defendant asserts that she is now entitled to appellate review of her conviction under one of two alternate theories: first, that the appeal time from this misdemeanor conviction should be computed from June 24, 1975, when the formal instrument reflecting the judgment and sentence was signed by the judge and filed; or, that we may review the merits of the case in an original post conviction proceeding.

We are without jurisdiction under either theory.

Defendant's trial was held on February 17, 1975. On that same day the jury returned a verdict of guilty and recommended the punishment stated above. Sentencing was set for February 20, 1975. A court minute, signed by the judge, reflects that on that date the defendant appeared with her attorney and was sentenced to pay a fine of Three Hundred ($300.00) Dollars and to serve a term of ninety (90) days in jail, the latter being suspended. The same minute shows that a motion for a new trial was filed on February 20. A later court minute, also signed by the judge, shows that notice of intent to appeal and a designation of record were filed on March 3, 1975. On June 20, 1975, the defendant attempted to perfect an appeal from the conviction by filing a petition in error in this Court. The petition in error was found fatally defective, and the appeal

was dismissed by this Court on July 8, 1975. In the meantime, on June 24, 1975, a formal instrument reflecting the judgment and sentence of February 20, and so dated, was signed by the trial court and recorded. Then on July 21, 1975, the defendant filed in the trial court a motion to dismiss and set aside the judgment rendered against her upon the ground that she had been denied her right to appeal when the trial judge failed to execute and file a formal instrument of judgment and sentence with the Clerk of the Municipal Court of Tulsa. That motion was heard on August 6, and was overruled on the same day. On August 18, a notice of intention to appeal was filed, and on September 8 a petition for post conviction relief was filed in this Court, the amendment thereto being filed the following day.

■ The defendant contends that the time to perfect her appeal began to run from June 24, the date on which judgment and sentence was entered of record, and not from February 20, the date on which judgment and sentence was pronounced. The statute which limits the time in which an appeal must be taken is 22 O.S.1971, § 1054, providing in part:

> "In misdemeanor cases the appeal must be taken within one hundred twenty days after the judgment is rendered. In felony cases the appeal must be taken within six months after the judgment is rendered. . . ."

The construction of that provision has long been settled in this State; the time allowed "after the judgment is rendered" is computed from the date judgment is pronounced by the trial court, not from the date a formal instrument reflective of that judgment is signed and entered upon the record. *Brown v. State*, Okl.Cr., 443 P.2d 118; *Crawford v. State*, 97 Okl.Cr. 147, 260 P.2d 416; and, *Dunn v. State*, 18 Okl. Cr. 493, 196 P. 739.

■ While it is entirely clear that the time to appeal runs from the date judgment is pronounced, the method of computing the authorized number of days, in the case of misdemeanor appeals, or months, in the

case of felony appeals, has been the source of some confusion. It has come to be the general rule that when time is to be computed from a particular day or a particular event that day is excluded from the computation and the final day of the specified period is included. See *Burnet v. Willingham Loan and T. Co.,* 282 U.S. 437, 51 S.Ct. 185, 75 L.Ed. 448; *Rogers v. State,* 85 Nev. 361, 455 P.2d 172. In Oklahoma this rule has been incorporated into statute, 12 O.S.1971, § 73; and incorporated in the Rules of this Court, 22 O.S.1971, Ch. 18, App., Rule 2.1, subd. C. That rule for counting the number of days within which an appeal must be perfected was followed in Oklahoma until the case of *Jones v. State,* Okl.Cr., 499 P.2d 482 (1972). In that case, the trial judge rendered judgment and sentence on November 30, 1971; Jones filed his appeal records in this Court on May 31, 1972. We held that the appeal was one day late to come within the mandatory six months provided by statute for the filing of felony appeals. On rehearing, this Court announced that the usual manner of computing time by excluding the first day and including the last did not apply to criminal appeals. It was held that, in counting the days in which appeal time is measured from misdemeanor convictions and the months in which it is measured from felony convictions, the day that judgment and sentence was pronounced must be reckoned as the first day. That opinion also declared that the last sentence of Rule 2.1, subd. C, providing that the day following the day of judgment and sentence is counted as the first day of the appeal period, must be amended to provide that the date of judgment and sentence is counted as the first day of the appeal period.

 We think the rule announced in the *Jones* case is incorrect and is in conflict with the provisions of our statutes and the long established practice of our Court. The change in the rule which it promulgated has not been followed in practice, and *Jones v. State,* supra, to the extent that it purports to change the rule for computing the measurement of appeal time,

is hereby overruled. The day following the date judgment and sentence is pronounced is to be calculated as day one of the appeal period. It should be noted in applying this rule to the six month period in felony appeals that a calendar month runs from a given day in one month to the end of the day *before* the same numerical day in the next succeeding month. *Yingling v. Smith,* 259 Md. 260, 269 A.2d 612; *Brown v. Omaha,* 179 Neb. 224, 137 N.W 2d 814; see, *Gordon v. State,* 12 Okl.Cr. 103, 152 P. 142, which cites the rule, and holds an appeal filed May 27, 1914, from a judgment and sentence rendered November 26, 1913, to be one day out of time.

 There is, in the instant case, every indication that the defendant understood February 20, the day judgment and sentence was rendered, to be the significant date in computing appeal time from this misdemeanor conviction. Designation of Record and Notice of Intent to Appeal were filed in the case on March 3, on the final day of the jurisdictional ten-day limit, the tenth day having fallen on a Sunday. The petition in error was also timely filed in this Court on June 20, which was the 120th day after judgment, computing the days as set out above.

 The defendant also contends that if her time to appeal must be reckoned from the date judgment was rendered, then the failure of the trial judge to file a formal instrument of judgment and sentence until after the expiration of the appeal time denied her an appeal and deprived her of due process. While it is true that it is a jurisdictional necessity that the record on appeal contain a formal instrument of judgment and sentence, *Baker v. State,* Okl.Cr., 496 P.2d 1195, the defendant's contention in this case is without merit for two reasons. First, the attempted appeal filed on June 20 was not dismissed because the record contained no instrument of judgment and sentence. It was dismissed because the petition in error did not contain: (1) the trial court in which the conviction was had; (2) the crime of which defendant was convicted; (3) the judg-

ment and sentence which was imposed and the date thereof; (4) the date a motion for new trial was filed and the date it was denied whether or not defendant was free on bail. The instrument styled "Petition in Error" was therefore deemed inadequate to invoke the jurisdiction of this Court under Rule 2.4 of the Rules of this Court. Further, that defective instrument was filed with neither an original record nor a transcript of the proceedings at trial. Second, there are many ways to assure that a formal instrument of judgment and sentence be included in the record. Minimally, the designation of record should specify the inclusion of this necessary document. The designation filed in this case did not so specify. It is the duty of the trial judge to execute the instrument of judgment and sentence and, therefore, a refusal of a defense request to prepare one nunc pro tunc reflecting the judgment and sentence actually rendered would be a proper ground upon which to seek a writ of mandamus from this Court. Finally, 22 O.S.1971, § 1051, subd. (a), provides that this Court may take jurisdiction of any appeal for the sole purpose of correcting the appeal records when they fail to disclose a judgment and sentence.

 Just as we are unable to take jurisdiction of this case as a regular appeal, we are unable to take jurisdiction of the matter as a proceeding for post conviction relief as defendant requests. The Post-Conviction Procedure Act, 22 O.S. 1971, § 1080 et seq., does not bestow upon this Court original jurisdiction. An application for post conviction relief must be filed in the court wherein the conviction was sustained, and a final judgment entered by that court may be appealed to this Court by petition in error filed within thirty (30) days of the entry of that judgment.

It is, therefore, the opinion of this Court that the attempted appeal and the petition for post conviction relief filed herein must be, and hereby is, DISMISSED for the reason that we are without jurisdiction.

BUSSEY and BLISS, JJ., concur.