598 P.2d 1207 (1979)
J.A.M., a child under the age of eighteen years, Appellant,
v.
The STATE of Oklahoma, Appellee.
No. J-79-276.
Court of Criminal Appeals of Oklahoma.
August 10, 1979.
James W. Musser, Musser & Musser, Enid, for appellant.
Cathy Stocker, Asst. Dist. Atty., Garfield County, for appellee.

*1208 OPINION
CORNISH, Presiding Judge:
J.A.M., a seventeen-year-old juvenile, has appealed a determination by the District Court of Garfield County that he be certified to stand trial as an adult charged with the crime of Robbery With Firearms. That certification was based upon a finding that there was prosecutive merit to the *1209 crime charged and that this juvenile was not amenable to rehabilitation within the juvenile system.
In his first assignment, the juvenile alleges it was error for the court to overrule his motion to quash and set aside the petition and his motion to dismiss, based on an untimely issuance of summons. It is his contention that a failure on the part of the State to issue a summons within five days of the arrest voids the petition, citing 10 O.S.Supp. 1978, § 1104.1, ¶ B.
The juvenile was arrested on February 25, 1979; on February 26, a petition was filed alleging delinquency, bail was set and an attorney was appointed; summons was issued on March 2. By statute in Oklahoma, the time within which an act is to be done is computed by excluding the first day and including the last, 12 O.S. 1971, § 73. This Court has recognized that this procedural rule applies to criminal proceedings, Quick v. City of Tulsa, Okl.Cr., 542 P.2d 961 (1975). We note, further, that had there been a problem of noncompliance with the statute, the defect would have had no effect on the court's jurisdiction over the juvenile. Rather, the statute requires that a failure in the filing of a petition and issuance of a summons results in relinquishment of custody. See 10 O.S.Supp. 1978, § 1104.1, ¶ B.
The second proposition is addressed to the alleged illegality of the arrest and resultant tainted evidence derived from that arrest. Detectives Jones and Pritchett of the Enid Police Department responded to a report of an armed robbery at a convenience store at approximately 5 a.m. on February 25, 1979. The store clerk-victim of the robbery provided a general description of his assailants; this was supplemented by a videotape of the crime. Detective Pritchett viewed this tape four times prior to making the arrest. Within 45 minutes of the robbery, these two officers arrested the petitioner and a second juvenile, both of whom jumped out of their illegally parked truck when approached by the police approximately 50 feet north of the robbed convenience store. According to the officer who had viewed the videotape, these two youths generally fit the description of the robbers. They were similar in age and size, they both were wearing blue jeans, and one of them was wearing shoes bearing a stripe, a distinction the officer had noted while viewing the tape. The juveniles said that their truck was stalled, thus providing their sole alibi for being in proximity to the scene and time of the crime. A review of these facts assures us that the officers had probable cause to make a warrantless arrest of these juveniles. See Greene v. State, Okl. Cr., 508 P.2d 1095 (1973). Having determined the legality of the arrest, we need not consider the issue of tainted evidence.
The third contention of error goes to the validity of the confession entered into evidence over objection at the hearing on prosecutive merit. His motion to suppress testimony of the confession is founded on the principle of effective presence of a parent or guardian during questioning of a juvenile, 10 O.S.Supp. 1978, § 1109(a).
Following his arrest, the juvenile was taken to the police station. Both the juvenile and his mother were advised of their Miranda rights to which they acknowledged an understanding. Additionally, they both signed cards to acknowledge their understanding and waiver of these rights. The youth then agreed to talk with the police. It was during this questioning that he admitted to his participation in the crime.
The spirit and intent of the statute requiring the presence of a parent or other guardian during the interrogation of a juvenile is to secure the constitutional safeguards of the Due Process Clause of the Constitution. When the State can show that both the youth and parent intelligently received knowledge of their rights and, knowing those rights, waived them, the results of the interrogation will be admissible at a subsequent hearing to certify the juvenile. We hold that the evidence supports the court's finding that the waiver by both was competent.
As his final proposition, the juvenile contends that the court erred in finding insufficient prospects for rehabilitation, thus certifying him to stand trial as an adult.
*1210 After finding prosecutive merit, the court must then determine whether the juvenile is amenable to rehabilitation within the facilities and programs available to the Juvenile Division of the District Court. J.T.P. v. State, Okl.Cr., 544 P.2d 1270 (1975), interpreting Laws 1974, c. 272 § 2, now 10 O.S.Supp. 1978, § 1112(b). After our careful review of the facts presented in this case, it is clear that the certification of this juvenile must be affirmed on the basis of the facilities and programs available to the juvenile court.
Admittedly, this was a violent crime perpetrated against a person. Testimony of the juvenile's mother, school counselor, former employer and examining psychiatrist indicated that he is mature, although it is the psychiatrist's opinion that he is susceptible to problems by merit of unreasonable self-expectations of responsibility and maturity. There was additional testimony that the juvenile knows right from wrong.
On the other hand, this youth has had only one previous brush with the law, a traffic offense, and his relationships at home, school and work apparently have been healthy. Furthermore, it is the opinion of the psychiatrist that he is in need of counseling but that he is amenable to rehabilitation.
The crucial factors in this case are the juvenile's age and the seriousness of the crime of which he has been accused. The judge found that our state's present facilities for juvenile offenders, which provide treatment only until the delinquent child reaches the age of 18 years (10 O.S.Supp. 1978, § 1139), are not equipped to meet the needs of this particular youth. The evidence presented at the hearing supports that finding. Under the facts of this case, the court could have refused to certify this juvenile and determined to treat the matter under the children's code. If then this juvenile had been adjudicated delinquent, the court could have retained jurisdiction over him until he reached the age of 19 years and required specific treatment such as counseling, 10 O.S.Supp. 1978, § 1102. However, since we can find no abuse of discretion on the part of this judge, we must affirm his decision. Terrell v. State, Okl. Cr., 551 P.2d 1143 (1976).
The order appealed from is therefore AFFIRMED.
BRETT and BUSSEY, JJ., concur.