Brian REYNOLDS, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–85–58.

Court of Criminal Appeals of Oklahoma.

March 25, 1987.

William J. Musseman, Tulsa, for appellant.

Michael C. Turpen, Atty. Gen., Mary F. Williams, Asst. Atty. Gen., Mary Quinn, Legal Intern, Oklahoma City, for appellee.

BUSSEY, Judge:

The appellant, Brian Reynolds, was convicted of the crime of Lewd Molestation in the District Court of Tulsa County in Case No. CRF–83–1803 and was sentenced to ten (10) years imprisonment, and he appeals.

Briefly stated the facts are that the appellant, who worked as a teacher's helper at a church in Tulsa, exposed his penis to a three-year-old girl who attended the classes and told her to touch his penis, which produced a "milk-like" substance.

The appellant contends that the trial court erred in allowing the State to refile the information after sustaining his motion to quash. He alleges that the trial court sustained his motion on the grounds of insufficient evidence, and that the State failed to make a proper showing of additional evidence to justify the refiling. However, after reviewing the record in the present case, we find that the trial judge sustained appellant's motion because the four-year-old witness was not formally sworn at the preliminary hearing. The Court minutes clearly support this finding:

> 4-19-83 Deft Pres in open court and rep by Bill Musseman, State rep by Joe Smith.. Case called for jury trial. Deft motion to dismiss for lack of competent witness sustained, (*witness not sworn at prel*) case dismissed. Costs to State, bond exonerated.

The record is devoid of any statements or writings by the trial judge that the charge was dismissed for insufficient evidence.

To the contrary, the sole reason for the dismissal was the failure to formally swear a witness at the preliminary hearing; therefore, the refiling was proper. See, 22 O.S.1981, § 817. This assignment is meritless.

■ The appellant next alleges that the trial court was without jurisdiction over count one of the information pursuant to 22 O.S.1981, ch. 18, App., Rule 6.1, et seq. in that the State failed to file its appeal from the adverse ruling of the magistrate within five (5) days from the date of the adverse decision. Subsequent to the May 24, 1983, refiling of the charges, the appellant filed a motion to dismiss and brief in support thereof. On Tuesday, June 14, 1983, the motion was heard, and the magistrate sustained the motion as to count one of the information. On Monday, June 20, 1983, the State filed its application to appeal from the adverse ruling. Since the fifth day fell on Sunday, June 19, 1983, the period was enlarged until the following business day. *See* 12 O.S.1981, § 73; *J.A.M. v. State*, 598 P.2d 1207 (Okl.Cr. 1979). This assignment of error is without merit.

For the above stated reasons, the judgment and sentence is AFFIRMED.

BRETT, P.J., concurs in results.

PARKS, J., concurs.