Robert T. HALPIN, Jon F. Cobb and
John B. Morey, Appellants,

v.

The CORPORATION COMMISSION of
the State of Oklahoma, and O'Neill,
Kennedy & Mitchell, Appellees.

No. 49232.

Supreme Court of Oklahoma.

July 12, 1977.

Rehearing Denied March 1, 1978.

Bulla, Horning & Johnson by Merton M. Bulla and Don R. Furman, Oklahoma City, for appellants.

Harvey Cody, Oklahoma City, for appellee, Oklahoma Corp. Commission.

Harry C. Marberry, Oklahoma City, for appellees, O'Neill, Kennedy & Mitchell.

IRWIN, Justice:

Robert T. Halpin, Jon F. Cobb and John B. Morey (appellants) have perfected an appeal from two orders of the Corporation Commission of the State of Oklahoma (Commission). The first of the two orders, No. 117,119, authorized the drilling of a well by O'Neill, Kennedy & Mitchell (appellees), less than 1,320 feet from the boundary of the unit and set as the percentage of allowable production 70% of normal allowable production. The second of the two orders, No. 118,664, denied appellants' application for a rehearing due alleged procedural irregularities in Commission's hearing on Order No. 117,119. The essential facts are not in dispute.

Appellees filed an application for permission to drill, as a location exception to the prescribed 640–acre spacing, an oil and gas well in a section adjacent to a unit held by production from a well operated by appellants. Application was referred by Commission to a trial examiner to take evidence, make findings and recommend a proposed order. Hearing was had before the trial examiner and both parties introduced evidence. At the conclusion of the hearing the trial examiner prepared a report in which he summarized the evidence of both parties and recommended issuance of an order permitting the drilling of a well on a location exception and the imposition of a 25% allowable penalty on normal allowable production. Appellants filed written exceptions to the report and requested reproduction of a transcript. Appellees filed a response to appellants' exceptions and the matter was set for hearing on the exceptions before Commission.

Due to the backlog of work, reporters for Commission could not complete transcription of the entire record in time for the hearing before Commission. Commission refused to grant appellants a continuance until a transcript could be completed and proceeded to hear appellants' objections to the trial examiner's report. Thereafter, Commission entered its order permitting the drilling of the well at the proposed location exception and setting the allowable penalty at 30% of normal allowable production. From this order on the merits of appellees' application, No. 117,119, appellants took an appeal. At the same time, appellants filed an application to have Commission reconsider its Order No. 117,119 on grounds Commission's refusal to grant a continuance until a complete transcript of the evidence could be prepared was a denial of procedural due process which materially prejudiced appellants' ability to present their exceptions to the trial examiner's report. Commission conducted a hearing on appellants' application and subsequently entered an order, No. 118,664, in which Commission made extensive findings of fact and conclusions of law, the net result of which was to deny appellants' application.

██ Commission is an administrative body which in the performance of its statutory duties exercises quasi-judicial authority. *Okl.Const. Art. IX, § 19; H.F. Wilcox Oil & Gas Co. v. State*, 162 Okl. 89, 19 P.2d 347 (1933). Commission is constitutionally endowed with authority to make rules governing procedure and practice before the Commission. *Okl.Const. Art. IX, § 18; H.F. Wilcox Oil & Gas Co. v. State, supra.* Pursuant to this authority, Commission has promulgated its Oklahoma Corporation Commission Rules of Practice [OCCRP]. The OCCRP provides for the reference of a matter to a "Referee, Trial Examiner, or any other hearing officer", *Rule 19*. At the conclusion of a hearing before a trial examiner, the hearing officer must prepare and file a written report containing among other things a brief summary of the evidence of each party, pertinent facts as found by the officer and recommended conclusions of law with recommendations as to appropriate action or relief by Commission. *Rule 23(a)(3–5).* Thereafter, any party adversely affected by the report may file written exceptions to the report. *Rule 24(a).* The written exceptions must specifically state what findings or portions of the report are allegedly in error and in what manner they are in error. *Rule 24(b).* In particular reference to appellants' claim presently under review, a party taking exception with any part of the summary of the evidence, "shall attach to his exceptions what he deems a correct summary of the pertinent evidence." *Rule 24(c).* Other parties may file written responses to the exceptions and attach thereto their own "summary of the pertinent evidence". *Rule 24(c), supra.* Furthermore, *Rule 24(c)* provides *"[I]n absence of such action by the parties, the exceptions will be heard upon the summary of evidence contained in the report, unless a party furnishes a transcript of the hearing for consideration of the exceptions."*

Appellants contend *Rule 24(c)*, provides two alternative methods of proceeding where the essence of the exceptions to the report is based on the correctness of the trial examiner's summary of the evidence. The first is to attach a summary of the evidence as the litigant believes it should be stated, and the second is to furnish a transcript for Commission's consideration. Appellants claim an absolute right under the rules to proceed exclusively in the latter fashion. Commission, in defense of its rules, does not really dispute appellants' contention. Commission's position is that it is incumbent upon appellants to provide the transcript, and if a transcript cannot be prepared in timely fashion, it is also incumbent upon appellants to show good cause why the proceedings should be delayed to await completion of the transcript. This amounts to some showing, as opposed to a mere assertion, that the summary is either in conflict with the evidence adduced or in some other aspect materially insufficient.

██ When exercising its authority to act as a court, Commission must act in conformance with some regular method of procedure established either by statute or by Commission's promulgated rules. *H.F. Wilcox Oil & Gas Co. v. State, supra.* Commission's rules must afford basic protection for elemental procedural rights, but due to the highly technical nature of the activities within Commission's jurisdiction, those rules need not strictly conform to the procedural safeguards applicable to courts of general jurisdiction. *Peppers Refining v. Corporation Commission*, 198 Okl. 451, 179 P.2d 899 (1947). Commission's rules must accomplish a number of objectives, not the least of which are the protection of fundamental procedural due process rights and the speedy resolution of issues where delay would work substantial prejudice.

As a matter of procedure and policy established by its rules, Commission has chosen not to look behind a trial examiner's summation of the evidence unless an adversely affected litigant demonstrates a need for such inquiry. Especially in the area of oil and gas conservation, economic factors of a highly volatile nature make it essential that Commission proceedings not be subject to unwarranted protracted litigation. In order to protect parties from a rush to judgment, Commission permits litigants to set forth in their exceptions in

what manner the trial examiner's summary of the evidence is in error. To facilitate these efforts, Commission makes available on request portions of the transcript, and sound transcriptions of the entire evidentiary proceedings.

■ Given the need to balance procedural rights with practical necessity, it is not unreasonable to require an excepting party to show why and how the summary of the evidence fails to properly reflect the evidence adduced at the hearing. In the instant case, Commission made its own findings of fact as to appellants' procedural complaint. At no time did appellants, either in writing as required by *Rule 24(b)*, or orally before Commission, specify in what respect the trial examiner's summary of the evidence was deficient. Appellants' counsel, in effect, stated the deficiencies would be apparent from a reading of the transcript. It is also contended appellants' counsel could not recall the specific manner in which the summary failed to reflect the true evidence without a transcript from which to refresh counsel's memory. The argument is not persuasive when one considers appellants had at their disposal upon request a full sound transcription of the proceedings before the trial examiner.

■ Appellants only other contention is that Commission's order setting allowable at 70% of normal allowable production was insufficient to protect their correlative rights. Appellants had argued for a penalty of 75% as opposed to the 25% penalty recommended by the trial examiner and the 30% penalty imposed by Commission's order. This Court's review of Commission's orders is constitutionally limited to a determination of whether Commission has regularly pursued its authority and whether the order is supported by the law and substantial evidence. *Okl.Const., Art. IX, § 20.*

■ There is ample substantial evidence to support Commission's order setting a 30% penalty on normal allowable production.

Commission Orders No. 117,119 and No. 118,664, affirmed.

HODGES, C. J., LAVENDER, V. C. J. and WILLIAMS, BERRY, BARNES, SIMMS and DOOLIN, JJ., concur.