586 P.2d 1098 (1978)
W. Rogers ABBOTT II, for himself and on Behalf of all other persons similarly situated, Appellants,
v.
The BOARD OF TRUSTEES OF OSCAR ROSE JUNIOR COLLEGE, and the members thereof, Joe B. Barnes, Chairman, William G. Bernhardt, John Conrad, J.B. Estes, Don Reynolds, Toney M. Webber, Cecil Parham, County Clerk of Oklahoma County, Don Wilson, County Assessor of Oklahoma County, and Jack Blackwell, County Treasurer of Oklahoma County, Appellees.
No. 50296.
Supreme Court of Oklahoma.
October 3, 1978.
Rehearing Denied December 4, 1978.
LeRoy A. Powers, Oklahoma City, for appellants.
Clark Hurd, pro se.
Edward H. Ferrish, Midwest City, for appellees.
Andrew M. Coats, Dist. Atty., Dist. Number Seven, Julia T. Brown, Asst. Dist. Atty., Oklahoma City, for appellees, Cecil Parham, Don Wilson, Jack Blackwell.
*1099 LAVENDER, Vice Chief Justice:
W. Rogers Abbott II (Abbott), a landowner, sought to enjoin the levy and assessment of taxes for the benefit of Oscar Rose Junior College District, an area school district[1] (Oscar Rose), as against real property located within the territory of what was formerly Pleasant Hills School District in Oklahoma County, D-45. That dependent school district was annexed to Midwest City-Del City School District, I-52.
Trial was to the court and basically on stipulation by the parties. No principal facts are in dispute. Pleasant Hills School District, a dependent school district, was annexed to Midwest City-Del City School District, an independent school district. At time of annexation, the real property within the annexing school district was subject to levy and assessment of taxes for Oscar Rose Junior College District, an area school district. Based on the annexation of Pleasant Hills with Midwest City-Del City, real property within the annexed Pleasant Hills was made subject to the Oscar Rose assessment. Abbott, as a landowner in the annexed school district, sought an injunction to prevent enforcement of the Oscar Rose tax against real property located within the territory of the annexed dependent school district. The trial court refused the injunction. Abbott appealed.
Abbott argues (1) there must be compliance with 70 O.S. 1971, § 4403(b)[2] for the *1100 territory within Pleasant Hills school district to be annexed to the community junior college school district; (2) Pleasant Hills school district electors have not voted on the levy as required by Okla.Const., art. 10, § 9B; (3) and position of the proponents of the tax violates 70 O.S. 1971, § 4411,[3] for that argument allows control to be removed from State Regents of Higher Education and places it with the State Board of Vocational and Technical Education.
Proponents for the levy and assessment, appellees, contend (1) § 4410[4] controls and allows a community maintaining a community junior college to become an area school district (area technical school district) making 70 O.S. 1971, § 14-108[5] applicable as to the annexing of territory in accordance with the rules and regulations prescribed by the State Board of Vocational and Technical Education that provide the territory of an annexed school district becomes a part of an area school district if the annexing school district is a part of an area school district;[6] and (2) § 4411 is not applicable to Oscar Rose.
Oscar Rose was established as a community junior college under authority of 70 *1101 O.S.Supp. 1967, §§ 4401 to 4409. An amendment to § 4403 in 1968[7] allowed additional territory to be annexed to the community and requires approval by the legal voters in the territory proposed to be annexed. Another 1968 Act,[8] of which § 1 is now § 4410, allowed a community maintaining a community junior college established under §§ 4401 to 4409 to become an area school district (area technical school district) and made applicable (to a community maintaining a community junior college becoming an area school district) the laws applicable to other area school districts, including laws authorizing tax levies and laws pertaining to eligibility for participation in federal funds. Section 2 of that same act, now § 4411, allowed any two-year college that is part of the State System of Higher Education to also become an area school district but the taxing authority granted to a community maintaining a community junior college was denied.
Oscar Rose, a community junior college, complied with § 4410. By so doing, the community maintaining that community junior college became an area school district with laws applicable to other area school districts also applicable to it except that the governing board remained the Board of Trustees of the community junior college rather than a board of education as provided to govern area school districts organized under § 14-108. Sub-section E, § 14-108 allows territory to be annexed to an area school district in accordance with the rules and regulations prescribed by the State Board of Vocational and Technical Education. Those rules provide that with the annexing of territory by a dependent or independent school district already a part of an area school district then the territory of the annexed dependent or independent school district becomes a part of the area school district (area technical school district).
Here, Oscar Rose was organized as a community junior college. If its sole status had remained that of a community junior college, then annexation of additional territory could come only through § 4403 and Abbott would be correct. However, that junior college complied with § 4410 and the community maintaining it became an area school district. As an area school district, §§ 14-108 E is applicable. That sub-section allows annexation of territory to the area school district under the rules of the State Board of Vocational and Technical Education. Those rules make the territory of annexed dependent school district, Pleasant Hills, a part of the area school district, Oscar Rose, for the annexing independent school district, Midwest City-Del City, was already a part of the Oscar Rose area school district at the time of the annexation. In voting for the annexation, the electors voted to become a part of the Oscar Rose area school district. The tax was levied as authorized by an area school district and not as a community maintaining a community junior college. Legislative acts are to be construed in such manner as to reconcile the different provisions and render them consistent and harmonious, and give intelligent effect to each. Eason Oil Company v. Corporation Commission, Okl., 535 P.2d 283 (1975). Section 4403 applies to a community maintaining a community junior college. Section 4410, with its effect as to applicable law, applies to a community maintaining a community junior college that becomes an area school district thereunder. We find no conflict. We hold the territory of the annexed dependent school district is subject to the levied and assessed tax.
As previously observed, § 4410 was § 1 of Laws 1968, c. 278. It authorized a community maintaining a community junior college to become an area technical school district. Section 4411 was § 2 of that same law. It authorized a two-year college that is a part of the State System of Higher Education to become a similar area school district. The latter section refused the taxing *1102 authority or to affect control in the governing boards and the State Regents for Higher Education. In the present case, we need not consider § 4411, for it is not applicable to Oscar Rose as a part of the State System of Higher Education and as relating to operation as a technical area school district. Oscar Rose Junior College was authorized as an integral part of the State System of Higher Education under certain conditions. 70 O.S.Supp. 1973, § 4423. However, subsection B of that section, and now both sub-sections B and C as amended by Laws 1974, c. 33,[9] continues the technical area school district in accordance with 70 O.S. 1971, § 4410, and not § 4411. The argument by Abbott, that use of rules prescribed by the State Board of Vocational and Technical Education on annexing territory as authorized by 70 O.S. 1971, § 14-108 affects control as prohibited by § 4411, is not persuasive. Oscar Rose Junior College as a member of the State System continues its operation as a technical area school district in accordance with § 4410.
Affirmed.
WILLIAMS, IRWIN, BERRY, BARNES, SIMMS and DOOLIN, JJ., concur.
NOTES
[1] The entity and officials sought to be enjoined, and who are now appellees, are: The Board of Trustees of Oscar Rose Junior College, and the members thereof, Joe B. Barnes, Chairman, William G. Bernhardt, John Conrad, J.B. Estes, Don Reynolds, Toney M. Webber; Phil Parham, County Clerk of Oklahoma County, Don Wilson, County Assessor of Oklahoma County, and Jack Blackwell, County Treasurer of Oklahoma County.
[2] That subsection by an amendment in 1968 allows annexation of territory to the community school district. It provides:

"(b) The territory comprising a county, municipality or school district, or any part thereof, may, upon petition of the governing board of the county, municipality or school district, or upon petition of not less than ten percent (10%) of the legal voters residing therein, be annexed to an adjoining community or school district maintaining or authorized to maintain a community junior college, if (1) the State Regents determine that the annexation is feasible, and (2) the annexation is approved by the legal voters in the territory proposed to be annexed, as hereinafter provided. The petition shall be filed with the State Regents, which shall thereupon cause a study to be made as to the feasibility of the proposed annexation, and if the State Regents determine that it is feasible, they shall issue a proclamation calling an election to be held in such territory, to allow legal voters in the territory to vote on the question of whether the territory shall be annexed to such community or school district maintaining or authorized to maintain a community junior college. The State Election Board shall cause such election to be held in the same manner as elections on state questions, and certify the results to the State Regents; and if a majority of the legal voters residing in such territory, voting on the question, shall have voted in favor of annexing the territory to such community or school district, the State Regents shall issue an order annexing the territory to such community or school district maintaining or authorized to maintain a community junior college, and give notice thereof to the Board of Trustees of the College." (Emphasis added.)
[3] Section 4411 reads:

"It is further provided that a two-year college which is a part of the State System of Higher Education may become an area school district for the purpose of providing post-secondary vocational and/or technical education programs and services within an area to be geographically defined by the State Regents for Higher Education. Two-year state colleges thus designated as area districts by resolution of the State Regents for Higher Education shall be equally eligible with other area districts and shall participate equitably therewith in all federal and state funds for vocational-technical education. This equal eligibility and equitable participation shall extend to both capital outlay and operating fund support where such is made available to area districts. Exclusive management and control of said institutions now vested by law in the governing boards and the State Regents for Higher Education shall remain unchanged by present provisions. Taxing authority as granted heretofore to community college boards shall not be construed to accrue to said boards of regents for state two-year colleges." (Emphasis added.)
[4] Section 4410 states:

"Any community maintaining a community junior college as provided by Chapter 100, O.S.L. 1967 (70 O.S.Supp. 1967, §§ 4401-4409), in which courses in vocational and/or technical education are to be offered, and meeting the published standards and criteria prescribed by law and/or the State Board for Vocational Education for establishing an area school district, may, by resolution adopted by the Board of Trustees of the college, become an area school district; and laws applicable to other area school districts, including laws authorizing tax levies and laws pertaining to eligibility for participation in federal funds, shall be applicable to such district, except that in lieu of a board of education its governing board shall be the Board of Trustees of the community junior college; provided that the provision above shall also be applicable to all community and municipal junior colleges now in existence in Oklahoma." (Emphasis added.)
[5] Section 14-108 E. provides:

"Territory may be annexed to or detached from an area school district, in accordance with rules and regulations prescribed by the State Board of Vocational and Technical Education."
[6] Operation and Procedures Manual of the State Department of Vocational-Technical Education, Part VI, Sec. 5(c) reads:

"When a dependent or independent school district whose territory is not a part of an area school district is annexed to another dependent or independent school district whose territory is a part of an area school district, the territory of the annexed dependent or independent school district shall become a part of the area school district."
[7] Laws 1968, c. 166.
[8] Laws 1968, c. 278.
[9] 70 O.S.Supp. 1977, § 4423 (being 70 O.S.Supp. 1973, § 4423, as amended) reads in part:

"§ 4423. El Reno Junior College  Carl Albert Junior College  Seminole Junior College  Oscar Rose Junior College  South Oklahoma City Junior College. 
A. The Oklahoma State Regents for Higher Education are hereby authorized and directed to establish and maintain two-year colleges * * * at Midwest City to serve Oklahoma County and surrounding area, which shall be known as the Oscar Rose Junior College, * *; and, each of said junior colleges shall be an integral part of the Oklahoma State System of Higher Education and shall be entitled to the same privileges and be subject to the same laws as other member institutions of said State System except as expressly provided otherwise herein. It is expressly provided as a condition precedent that each of said junior colleges must make provision locally for the donation, to the State of Oklahoma; of a suitable site for the college including facilities and other resources of the existing junior colleges, above named.
B. It is the intent of the Legislature that all community junior colleges named herein and meeting the standards and criteria of the Oklahoma State Regents for Higher Education and receiving budgetary support from the state shall become full-fledged member institutions of the Oklahoma State System of Higher Education in order to facilitate and more effectively coordinate their development and service as educational units of the system of public higher education in the state; therefore as of April 15, 1974, any such community junior colleges that have not initiated steps to become full member institutions of the State System as outlined herein shall be proclamation of the Oklahoma State Regents for Higher Education be declared to be and shall thereafter function as member institutions of the State System and the State Regents are hereby directed to take such action accordingly. * * * Any college so becoming a member of the State System which was at the time of the proclamation operating a technical area school district program to carry out the function of postsecondary technical education for the people of the district shall continue to do so as then operated and in accordance with O.S. 1971, Title 70, Section 4410, and all property acquired by virtue of the technical area school district operation shall remain as property of the technical area school district and be maintained in the custody of the Board of Regents of the junior college acting as the governing board of the technical area school district for use by the postsecondary area district program.
C. * * *. With respect to Oscar Rose Junior College * * * it is further provided that the college and its governing Board of Regents shall continue to operate the technical area school district program to carry out the function of postsecondary technical education for the people of the technical education school district as now operated, and in accordance with O.S. 1971, Title 70, Section 4410. The foregoing constitutes a separate authorization and direction to the Oklahoma State Regents for Higher Education to act separately and independently with respect to each of said junior colleges in the manner prescribed.
D. * * *." (Emphasis supplied.)