**INEXCO OIL COMPANY, Appellant,**

v.

**The CORPORATION COMMISSION of the State of Oklahoma and Delhi Gas Pipeline Corporation, Appellees.**

No. 53412.

Supreme Court of Oklahoma.

April 21, 1981.

McAfee, Taft, Mark, Bond, Rucks & Wood-ruff by Stanley L. Cunningham, C. David

Stinson, Laurence M. Huffman, Oklahoma City, for appellant, Inexco Oil Co.

Thomas T. Rogers, Oklahoma City, and David B. McCall, Dallas, Tex., for appellee, Delhi Gas Pipeline Corp.

HODGES, Justice.

The only question presented in this appeal from Order No. 149385 entered by the Oklahoma Corporation Commission is whether Delhi Gas Pipeline Corporation (Delhi), appellee, must purchase all the natural gas produced by Inexco Oil Company (Inexco), appellant, from three natural gas wells in Roger Mills County.[1]

Inexco owns the gas leases on the three wells and a part of the working interest. It contracted with Delhi to sell its attributable interest in the three wells which are connected to Delhi's pipelines under the terms of the gas purchase agreement. Delhi failed to purchase all of the allowable gas production attributable to Inexco's interest. Inexco filed a complaint with the Commission pursuant to 52 O.S.Supp.1978 § 24.1,[2] alleging that Delhi was a common carrier within the purview of § 24.1, and requesting that the Commission order Delhi to purchase the full allowable produced from the wells.

Delhi responded by asserting that: the Commission lacked jurisdiction; § 24.1 was inapplicable to the facts asserted by Inexco and to situations where a purchaser and seller of gas have entered into a gas purchase agreement; because of market conditions Delhi had been unable to purchase the entire volume of gas attributable to Inex-

---

1. Initially three complaints were filed which were consolidated by the Commission.

2. It is provided by 52 O.S.Supp.1978 § 24.1:
   Any person, firm or municipality aggrieved by reason of the refusal by a common carrier of natural gas to purchase or transport natural gas produced by such person or firm or gas production owned by said municipality may file a complaint before the Corporation Commission. The Corporation Commission shall conduct a hearing and take evidence as is necessary to determine the complaint. Notice shall be given to the common carrier at least ten (10) days prior to such hearing. The Corporation

Commission shall order the common carrier to purchase or transport the natural gas, and fix a fair rate for such transportation, unless the common carrier establishes and the Commission determines that:
   1. Such natural gas cannot reasonably be carried by the named common carrier, because of the difficulty or expense involved;
   2. Some other common carrier of natural gas can more conveniently purchase or transport such natural gas; or
   3. The gas might dilute or pollute the gas being carried in their line.

co's interest which did not constitute a refusal to purchase pursuant to § 24.1.

The Commission determined that it would not proceed with a hearing on Inexco's complaints until it determined whether the Commission had jurisdiction under § 24.1. After the question was briefed and argued, the Commission dismissed Inexco's complaint with prejudice after it found:

1) Section 24 prohibits a common carrier from discriminating in favor of any natural gas proffered for sale. The Inexco request, if granted, would result in unlawful discrimination in favor of its wells and against other wells connected to Delhi's pipeline.

2) Delhi is a common gas purchaser, regardless of whether it might also be a common carrier. A common purchaser is required by 52 O.S.1971 § 23 to take ratably from all wells from which it purchases gas and prohibits discrimination between wells. The Commission cannot order Delhi to purchase more gas than necessary to meets its market demand, nor may it order Delhi to take unratably from the three wells.

3) Although 52 O.S.Supp.1978 § 24.1 may be invoked by any person when a common carrier of natural gas refuses to purchase or transport natural gas from a producer, it does not authorize unratable taking or discrimination in derogation of 52 O.S.1971 § 23.

Inexco asserts on appeal that: it was denied due process when the Commission dismissed its complaint with prejudice without conducting a hearing in accordance with 52 O.S.Supp.1978 § 24.1; the Commission exceeded its authority when it found that

---

**3.** *Independent Bankers Ass'n. of Georgia v. Bd. of Governors of Federal Reserve System*, 516 F.2d 1206, 1220 (D.C. Cir. 1975).

**4.** *Anderson-Prichard Oil Corp. v. Corporation Commission*, 207 Okl. 686, 252 P.2d 450 (1953).

**5.** 4 Summers, "Oil and Gas," p. 333, § 754 (Perm.ed.1962).

**6.** It is provided by 52 O.S.1971 § 23 in pertinent part:

§ 24.1 may not be invoked against a common carrier who is also a common purchaser; and Order No. 149385 is unsupported by any evidence and should be set aside.

## I

Generally, administrative agencies may not deprive a person of his/her constitutionally protected rights without notice and hearing. Where the Legislature has plainly given interested parties the right to a full hearing, it must be shown that the litigants could gain nothing thereby, because none of the material facts are disputed on which the decision could rest.[3] In this instance, however, the question is one of jurisdiction and statutory construction which the parties argued and briefed. After a hearing and consideration of this seminal question, the Commission determined as a matter of statutory construction that § 24.1 was inapplicable to invoke its jurisdiction because Delhi was a common gas purchaser regardless of whether it was a common carrier, and that it lacked the power to grant the relief Inexco sought.

## II

The basis for the enactment of Oklahoma's oil and gas conservation laws is to protect correlative rights.[4] The purpose of the regulatory scheme concerning common carriers and common purchasers of gas is to afford the producers of a common source of supply an equal opportunity to market and transport oil and gas from their wells.[5]

A common purchaser of natural gas is defined by 52 O.S.1971 § 23[6] as any

Every corporation, joint stock company, limited copartnership, partnership or other person, now or hereafter claiming or exercising the right to carry or transport natural gas by pipe line or pipe lines, for hire, compensation, or otherwise, within the limits of the state, is allowed by, and upon compliance with the requirements of this act, as owner, lessee, licensee, or by virtue of any other right or claim, which is now engaged or hereafter shall engage

person engaged in the purchasing of natural gas. A common carrier is defined by 52 O.S.Supp.1978 § 24.1[7] as any person engaged in the transporting of natural gas. Under the statutory definitions, a corporation simultaneously may be a common purchaser and a common carrier. It was undisputed that Delhi entered into gas purchase agreements with Inexco. The Commission did not resolve the question of whether Delhi was a common carrier under § 24.1 because its status as a common purchaser was dispositive of the issue.

■ The purpose of § 23 is to protect correlative rights and to afford an owner in a common source of supply an ample opportunity to extract its fair share of gas.[8] The statute specifically prohibits a common purchaser from discriminating in favor of its own production either in price or amount. Inexco, in effect, is seeking a discriminatory ruling in its favor by seeking to enforce the letter of § 24.1, and ignore the intent of the Production and Transportation Act expressed in § 23. It seeks to have the Commission rule that Delhi purchase all the allowable gas from its three wells, while ignoring the rights Delhi may have in the common source of supply.

■ Legislative enactments concerning the same subject must be reconciled and harmonized so that an intelligent construction is given to each.[9] Sections 23, 24 and 24.1 must be construed together. Section 23 imposes two obligations on a common purchaser: 1) the common purchaser must not discriminate in the purchase of gas, and 2) if the common purchaser is unable to transport all of the gas produced, then it must ratably purchase and transport the gas. The duality of identity which some corporations enjoy, that of common purchaser and common carrier, may not be utilized to thwart the Legislative intent in enacting conservation laws. Otherwise, a common carrier who is also a common purchaser could claim common carrier status and avoid the sanctions of § 23, requiring that it take ratably. The Commission does not have the authority under § 24.1 to compel a common purchaser to purchase all of one producer's allowable.

Appellant makes no allegation in its complaint of any breach under § 23; therefore, the Commission properly denied its request for an evidentiary hearing.

AFFIRMED.

IRWIN, C. J., BARNES, V. C. J., and WILLIAMS, LAVENDER and HARGRAVE, JJ., concur.

SIMMS, DOOLIN and OPALA, JJ., dissent.

DOOLIN, Justice, dissenting:

The majority opinion approves an action by the Corporation Commission which, at best, can only be described as curious. It decided the merits of a complaint without hearing the evidence or considering a stipulation of facts.

The Corporation Commission announced it intended to determine first if it had jurisdiction to hear the complaints; however, it

---

in the business of purchasing natural gas shall be a common purchaser thereof, and shall purchase all the natural gas in the vicinity of, or which may be reasonably reached by its pipe lines, or gathering branches, without discrimination in favor of one producer or one person as against another and shall fully perform all the duties of a common purchaser; but if it shall be unable to perform the same, or be legally excused from purchasing and transporting all the natural gas produced or offered, then it shall purchase and transport natural gas from each person or producer ratably, in proportion to the average production, and such common purchasers are hereby expressly prohibited from discriminating in price or amount for like grades of natural gas or facilities as between producers or persons; and in the event it is likewise a producer, it is hereby prohibited from discrimination in favor of its own production, or production in which it may be interested directly or indirectly in whole or in part, and its own production shall be treated as that of any other person or producer.

7. See note 2, supra.

8. 1 Kuntz, "Law of Oil & Gas," pp. 95, 101, §§ 4.3, 4.7 (1964).

9. *Abbot v. Bd. of Trustees of Oscar Rose Jr. College*, 586 P.2d 1098 (Okl.1978); *Johnson v. Ward*, 541 P.2d 182, 186 (Okl.1975).

did much more than satisfy its jurisdictional musings. It said even if it heard the complaint, it would rule against the complainant.

Both parties argue that under definitions contained in 52 O.S.1971 §§ 23 and 24, Delhi might be both a common purchaser and a common carrier at the same time, and thus be subject to the regulations for each. However, the Corporation Commission chose to ignore that argument. Instead it refused parties a hearing as § 24.1 mandates.

The Commission decided the merits of the action, dismissed the cause and granted relief, all while refusing jurisdiction.

We have said that a Corporation Commission order must be supported by "substantial evidence". *Halpin v. Corporation Commission*, 575 P.2d 109 (Okla.1977). But here the Commission decided the "jurisdictional" question in a virtual vacuum of evidence: only the pleadings and arguments of counsel were submitted.

"The Commission should base its findings upon the evidence before it. The rights of the parties depend upon the facts established at the hearing ... A finding without evidence to support it is arbitrary and baseless." *Oklahoma Natural Gas Co. v. Corporation Commission*, 90 Okl. 84, 92, 216 P. 917, 923 (1923), citations omitted.

The Corporation Commission may be ultimately correct in deciding it cannot order Delhi to purchase all of Inexco's gas. But that decision is not "jurisdictional" in nature, it is dispositional of the merits and has no place in a jurisdictional hearing.

I would order the Corporation Commission to hold an evidentiary hearing as mandated by § 24.1 and decide the merits.

I am authorized to state that SIMMS, J., concurs with the views herein expressed.