OSCN Found Document:VERTICAL EXPLORATION, et al. v. AMERICO OIL and CORPORATION COMMISSION

 

 
 VERTICAL EXPLORATION, et al. v. AMERICO OIL and CORPORATION COMMISSION2026 OK CIV APP 3Case Number: 122360Decided: 08/18/2026Mandate Issued: 02/19/2026THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA DIVISION III
Cite as: 2026 OK CIV APP 3, __ P.3d __

 

VERTICAL EXPLORATION, LLC and VE HOLDCO, LLC,
Appellants,
vs.
AMERICO OIL, LLC and CORPORATION COMMISSION OF THE STATE OF OKLAHOMA, Appellees.

APPEAL FROM THE OKLAHOMA CORPORATION COMMISSION

REVERSED AND REMANDED

Gregory L. Mahaffey, Caleb A. Hartwell, Lauren M. Brown, MAHAFFEY & GORE, P.C., Oklahoma City, Oklahoma, For Appellants,

Niles Stuck, A NEW ENERGY, LLC, Oklahoma City, Oklahoma, For Appellee , Americo Oil, LLC,

William A Huffman, Evan M. McLemore, LEVINSON, SMITH & HUFFMAN, P.C., Tulsa, Oklahoma, For Appellee, N.E. Moral Woodford/Hunton Unit. 

ROBERT D. BELL, CHIEF JUDGE:

¶1 Appellants, Vertical Exploration, LLC, and VE Holdco, LLC, appeal from an order of the Oklahoma Corporation Commission dismissing their application to terminate or modify a previously issued unitization order. The Commission held that Oklahoma Administrative Code (OAC) 165:5-7-20(C) only allows a plan of unitization to be amended or terminated by application to the Commission if the plan does not provide for amendment or termination. Because the unitization plan at issue contains such a provision, the Commission held it was powerless to amend or terminate its prior unitization order. For the reasons set forth below, we hold the Commission retains authority over its previously issued unitization order notwithstanding the presence of an amendment/termination provision in the unitization plan. Accordingly, we reverse the Commission's order of dismissal and remand this matter for further proceedings.

¶2 The unit at issue in this proceeding is the N.E. Moral Woodford/Hunton Unit located in Pottawatomie County. The unit was originally created by the Commission in 1961. The unit was amended by the Commission in 2012 (by Order No. 600733) as a secondary or enhanced recovery unit pursuant to the Unitization Act, 52 O.S. §287.1et seq. Appellants own royalty interests in the unit area and a working interest in a new wellbore (discussed below). Appellee, Amerigo Oil, LLC, owns 100% of the working interest in the unit and controls the unit's Operating Committee. Several old stripper wells produce oil from one of the unitized common sources of supply.

¶3 In 2021, pursuant to a farmout agreement with Amerigo, Appellants drilled the Moral Unit 12 Well into the Bois d'Arc formation, which lies within the unitized interval area. It was the first new well drilled in the unit area since 1987. According to Appellants, the Bois d'Arc is a separate common source of supply and a largely unexploited reservoir containing an estimated 1,000,000 barrels of oil. Appellants assert that oil will not be recovered by the existing unit wells.

¶4 When negotiations with Amerigo for Appellants to drill additional wells into the Bois d'Arc formation broke down, Appellants filed the instant application with the Commission to terminate or amend the amended unitization order (No. 600733) and the N.E. Moral Woodford/Hunton Unit plan of unitization. Appellants argued the discovery of the reservoir constitutes a change of condition or change of knowledge of condition warranting amendment or termination of the unit. On Amerigo's motion, an administrative law judge (ALJ) and then an appellate referee recommended dismissal of Appellants' application. On appeal to the Commission, the en banc panel adopted the ALJ's and referee's recommendations. The Commission held that where a plan of unitization includes an amendment/termination provision, OAC 165:5-7-20(c) only permits the termination or amendment of a plan using the method of termination or amendment described in the plan. From said ruling, Appellants appeal.

¶5 This Court's standard of review of an Order of the Corporation Commission:

. . . shall be judicial only, and in all appeals involving an asserted violation of any right of the parties under the Constitution of the United States or the Constitution of the State of Oklahoma, the Court shall exercise its own independent judgment as to both the law and the facts. In all other appeals from orders of the Corporation Commission the review by the Supreme Court shall not extend further than to determine whether the Commission has regularly pursued its authority, and whether the findings and conclusions of the Commission are sustained by the law and substantial evidence.

OKLA. CONST. art. 9, §20. Although this Court may grant deference to the Commission regarding interpretation or application of the terms of a regulation, Bell v. Phillips Petroleum Co., 1982 OK 28641 P.2d 1115de novo review by this Court. Oklahoma Gas and Elec. Co. v. State ex rel. Okla. Corp. Comm'n, 2023 OK 33535 P.3d 1218de novo review standard, 'an administrative agency's legal rulings are subject to an appellate court's plenary, independent and nondeferential reexamination.'" Oklahoma Gas and Elec. Co. v. Oklahoma Corp. Comm'n, 2025 OK 43

¶6 In reaching its decision below, the Commission specifically relied on its prior ruling in a different case which contained the same dispositive issue as is present in this appeal. That previous ruling was reversed by Division I of this Court in West Ave. Inv., LLC v. Bixby Dutcher Sand Unit, Case No. 121,902 (Okla. Civ. App. Aug. 27, 2024) (unpublished), a decision in which this author concurred. This Division finds West Ave. Inv. was correctly decided and hereby adopt its rationale.

¶7 The basis for the Commission's decision below, as well as when the Commission decided West Ave. Inv., is OAC 165:5-7-20(c). That code provision states in relevant part:

Provision for amending or terminating the unit shall be in the Plan of Unitization. To amend the Plan of Unitization, the order creating the unit shall be amended and notice shall be as provided for an application seeking an order creating a unit pursuant to 52 O.S. §§287.1

The Commission also relied on the following relevant amendment/termination provisions contained in the N.E. Moral Woodford/Hunton Unit plan:

27.1 Term. The term of this Amended Plan of Unitization shall be for and during the time that Unit Production is produced in paying quantities and so long thereafter as drilling, reworking or other operations are prosecuted without cessation of more than ninety (90) consecutive days, unless sooner terminated by the Operating Committee in the manner hereinafter provided.

27.2 Termination by Operating Committee. This Amended Plan of Unitization may be terminated by the Operating Committee whenever such Committee determines that unit operations are no longer profitable, feasible or in the interest of conservation.

The plan of unitization in West Ave. Inv. contained comparable provisions for amendments and termination.

¶8 Based upon the language of the above regulation and unitization plan, the Commission held OAC 165:5-7-20(c) only allows a plan of unitization to be amended or terminated by application to the Commission if the plan does not include provisions for amendment and termination. As previously stated, the unit at issue contains amendment/termination provisions and Amerigo controls the unit's operating committee. Absent cessation of production for more than ninety (90) days, see unit provision 27.1, the operating committee has -- pursuant to the Commission's interpretation of OAC 165:5-7-20(c) - unfettered power over unit operations, even where waste or a violation of correlative rights exist.

¶9 The legislative purpose of the Unitization Act is set forth in 52 O.S. 2021 §287.1

The Legislature finds and determines that it is desirable and necessary, under the circumstances and for the purposes hereinafter set out, to authorize and provide for unitized management, operation and further development of the oil and gas properties to which this act is applicable, to the end that a greater ultimate recovery of oil and gas may be had therefrom, waste prevented, and the correlative rights of the owners in a fuller and more beneficial enjoyment of the oil and gas rights, protected.

Title 52 O.S. 2021 §87.1Woods Petroleum Corp. v. Sledge, 1981 OK 89632 P.2d 393citing 52 O.S. §87.1See also Inexco Oil Co. v. Corporation Comm'n, 1981 OK 44628 P.2d 362

¶10 Furthermore, 12 O.S. 2021 §112Phillips Petroleum Co. v. Corporation Comm'n, 1971 OK 13482 P.2d 607

¶11 On the basis of the foregoing and upon de novo review, we hold the Commission erred in dismissing Appellants' application to terminate or modify Order No 600733. Accordingly, the Commission's order of dismissal is reversed and this cause is remanded to the Commission for further proceedings consistent with this Opinion.

¶12 REVERSED AND REMANDED.

DOWNING, P.J., and MITCHELL, J., concur.

FOOTNOTES

Kuykendall v. Corporation Comm'n, 1981 OK 105634 P.2d 711quoting Storck v. Cities Serv. Gas Co., 1977 OK 227575 P.2d 1364

Phillips Court identified three (3) types of changes in conditions that may justify modification of a Commission order under §112. Phillips, 1971 OK 13at