Robert G. Haney, Miami, for appellant.

Larry Derryberry, Atty. Gen., for appellees.

## OPINION

BLISS, Judge.

Appellant, Gary Wayne Ellington, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Ottawa County, Case No. CRF–71–199, for the offense of Armed Robbery in violation of 21 O.S. 1971, § 801. Pursuant thereto he was sentenced to a term of twenty (20) years' imprisonment, and his judgment and sentence was affirmed on appeal by this Court in *Ellington v. State,* Okl.Cr., 516 P.2d 287 (1973). Subsequently, the defendant filed an application for post conviction relief in the District Court, Ottawa County, which upon hearing was denied on the 22nd day of December, 1975. From this denial the defendant has perfected a timely appeal to this Court.

The defendant's sole assignment of error asserts he was deprived of his right to a speedy trial in the proceedings resulting in his conviction for armed robbery. The brief in support of defendant's application for post conviction relief states that the

**Gary Wayne ELLINGTON, Appellant,**

v.

**Richard CRISP, Warden, and the State of Oklahoma, et al., Appellees.**

**No. PC–76–37.**

Court of Criminal Appeals of Oklahoma.

March 9, 1976.

defendant raised the same contention through his attorney, Fred H. DeMier, by filing a habeas corpus action prior to the trial which upon hearing was denied by the trial court. In response to the defendant's application for post conviction relief in the District Court, the State requested the trial court deny the application for the reason that defendant had previously raised the issue by writ of habeas corpus and defendant had failed to raise the issue again at trial or on appeal, citing *Reynolds v. Sunderland, Warden, et al.*, H–75–327, Okl.Cr. (46 O.B.A.J. 1267, 1975). Therefore, the State concludes the defendant could not raise in a post conviction proceeding the identical question which he could have had reviewed on appeal.

The availability of relief is controlled by the applicable statute, 22 O.S. 1971, § 1080 et seq. and Rule 4 of the Rules of this Court. Title 22 O.S. 1971, § 1080, provides:

"Any person who has been convicted of, or sentenced for, a crime and who claims:

"(a) that the conviction or the sentence was in violation of the Constitution of the United States or the Constitution or laws of this state;

"(b) that the court was without jurisdiction to impose sentence;

"(c) that the sentence exceeds the maximum authorized by law;

"(d) that there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice;

"(e) that his sentence has expired, his suspended sentence, probation, parole, or conditional release unlawfully revoked, or he is otherwise unlawfully held in custody or other restraint; or

"(f) that the conviction or sentence is otherwise subject to collateral attack upon any ground of alleged error heretofore available under any common law, statutory or other writ, motion, petition, proceeding or remedy;

may institute a proceeding under this act in the court in which the judgment and sentence on conviction was imposed to secure the appropriate relief. Excluding a timely appeal, this act encompasses and replaces all common law and statutory methods of challenging a conviction or sentence."

And; 22 O.S. 1971, § 1086, provides subsequent application as follows:

"All grounds for relief available to an applicant under this act must be raised in his original, supplemental or amended application. *Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the prior application."* (Emphasis added)

Further, Rule 4.1B of the Rules of this Court states:

"As provided in Section 7, Post-Conviction Procedure Act, all grounds for relief available must be raised during the hearing held on the first Application for Post-Conviction Relief, unless good cause is shown to warrant the filing of a subsequent application. *Any ground not so raised or finally adjudicated or knowingly and understandingly waived in the proceedings resulting in the conviction or sentence, or in any other proceeding that the petitioner has taken to secure relief from his conviction or sentence may not be the basis for a subsequent application.* Thus, the sentencing court shall not be required to entertain a second or successive application for similar relief on behalf of the same petitioner." (Emphasis added)

In *Tate v. State*, Okl.Cr., 489 P.2d 501 (1971), this Court, construing 22 O.S. 1971, § 1086, held that an application for post conviction relief may not be founded

upon any ground which was not raised or which was knowingly, voluntarily and intelligently waived in the proceeding which resulted in the conviction or sentence unless the defendant showed sufficient reason why the ground was not previously asserted or why it was inadequately raised in any prior proceeding taken to attack the conviction or sentence. Also, see, *Gibson v. State,* Okl.Cr., 491 P.2d 773 (1971) and *Harrell v. State,* Okl.Cr., 493 P.2d 461 (1972).[1] In the instant appeal defendant fails to assert any reason why the speedy trial issue was not raised in the defendant's direct appeal of his conviction which was affirmed by this Court in *Ellington v. State,* supra. Therefore we are of the opinion that 22 O.S. 1971, § 1086 and Rule 4.1 of the Rules of this Court preclude the defendant from now asserting the speedy trial issue. The defendant, having appealed and failing to assert the speedy trial issue as a ground for reversal, may not now have a second appeal under the mask of a post conviction application, as such is what § 1086 and Rule 4.1 were meant to prevent. Title 22 O.S. 1971, § 1051,[2] provides for a direct appeal and the defendant may not, thereafter, assert error in piecemeal fashion under a post conviction route as this would largely supercede

remedy of appeal rendering meaningless the procedure enacted for a regular appeal.

We are thus of the opinion that the defendant has not asserted grounds upon which post conviction relief could properly be granted and, thus, the instant appeal is, accordingly, *DISMISSED.*

BRETT, P. J., and BUSSEY, J., concur.

---

1. Also compare *Austin v. Director, Patuxent Institution,* 237 Md. 314, 206 A.2d 145 (1965) ; *Lerch v. Cupp,* 9 Or.App. 508, 497 P.2d 370 (1972) ; *Horn v. Haugh,* 209 N.W. 2d 119 (Iowa 1973) ; and, *Carstens v. Rans,* 210 N.W.2d 663 (Iowa 1973).

2. Title 22 O.S.1971, § 1051, provides:
"(a) An appeal to the Court of Criminal Appeals may be taken by the defendant, as a matter of right from any judgment against him, which shall be taken as herein provided; and, upon the appeal, any decision of the court or intermediate order made in the progress of the case may be reviewed; provided further, all appeals taken from any conviction on a plea of guilty shall be taken by petition for writ of certiorari to the Court of Criminal Appeals, as provided in paragraph (b) of this section, provided, such petition must be filed within ninety (90) days from the date of said conviction. The Court of Criminal

Appeals may take jurisdiction of any case for the purpose of correcting the appeal records when the same do not disclose judgment and sentence; such jurisdiction shall be for the sole purpose of correcting such defect or defects.
"(b) The procedure for the filing of an appeal in the Court of Criminal Appeals shall be as provided in the Rules of the Court of Criminal Appeals; and the Court of Criminal Appeals shall provide by court rules, which will have the force of statute, and be in furtherance of this method of appeal: (1) The procedure to be followed by the trial courts in the preparation and authentication of transcripts and records in cases appealed under this act; (2) the procedure to be followed for the completion and submission of the appeal taken hereunder; and (3) the procedure to be followed for filing a petition for and the issuance of a writ of certiorari."