**Terrance A. JAMES, Petitioner,**

v.

**The STATE of Oklahoma, Respondent.**

**No. PC–88–1053.**

Court of Criminal Appeals of Oklahoma.

Sept. 26, 1991.

**920**

Don J. Gutteridge, Jr., Oklahoma City, for petitioner.

Robert H. Henry, Atty. Gen., Wellon B. Poe, Asst. Atty. Gen., Oklahoma City, for respondent.

## OPINION DENYING POST–CONVICTION RELIEF

LUMPKIN, Vice Presiding Judge.

Petitioner has appealed to this Court from an order of the District Court of Muskogee County denying his application for post-conviction relief in Case No. CRF 83–64. Petitioner raises five allegations of error: 1) the jury was not properly instructed as to the aggravating circumstance that the murder was especially heinous, atrocious and cruel; 2) the failure to receive the proper instruction necessitates a modification of his death sentence to life imprisonment; 3) insufficient evidence to support the aggravating circumstance that the Petitioner committed the murder while serving a sentence of imprisonment for conviction of a felony; 4) ineffective assistance of trial counsel; 5) denial of a state funded psychiatrist to assist Petitioner at trial and at post-conviction.

A direct appeal of Petitioner's conviction was filed with this Court wherein we af-

firmed the conviction and death sentence. *See James v. State,* 736 P.2d 541 (Okl.Cr. 1987). Petitioner then filed a Writ of Certiorari with the Supreme Court of the United States which was denied. *See James v. Oklahoma,* 484 U.S. 970, 108 S.Ct. 467, 98 L.Ed.2d 406 (1987). Petitioner's subsequent Application for Post–Conviction relief was filed in the District Court of Muskogee County in January 1988. Hearings were held through the months of April, May and July, with the trial court denying the application in November 1988. It is this denial which the Petitioner appeals.

 Three of Petitioner's allegations of error: insufficient evidence to support the aggravating circumstance that the murder was committed while the defendant was imprisoned for a felony, ineffective assistance of trial counsel and denial of a psychiatrist at trial [1] are issues which have been, or could have been, raised on direct appeal. The doctrine of res judicata bars consideration in post-conviction proceedings of issues which have been, or which could have been, raised on direct appeal. *Coleman v. State,* 693 P.2d 4, 5 (Okl.Cr.1984); *Castleberry v. State,* 590 P.2d 697, 703 (Okl.Cr.1979). Petitioner is therefore barred from asserting any claims previously raised, or any claims which could have been raised, in his direct appeal. 22 O.S.1981, § 1086. It is not the office of the Post–Conviction Procedure Act, 22 O.S.1981, § 1080 *et seq.,* to provide a "second appeal under the mask of post-conviction application." *Ellington v. Crisp,* 547 P.2d 391, 393 (Okl.Cr.1976).

 In his first allegation of error, Petitioner alleges that his death sentence must be vacated and his sentence modified to life imprisonment because the aggravating circumstance of "especially heinous, atrocious or cruel" was applied in an unconstitutional manner, pursuant to *Maynard v. Cartwright,* 486 U.S. 356, 108 S.Ct. 1853, 100

---

1. Petitioner includes in this allegation of error that he was denied the assistance of a state-funded psychiatrist at post conviction. How-

ever, Petitioner appears to abandon the claim as he fails to provide supporting argument or authority.

L.Ed.2d 372 (1988).[2] That decision constitutes an intervening change in the law which did not exist at the time of Petitioner's previous appeals. Therefore, we find sufficient reason exists for not previously asserting this allegation of error and will address the merits of Petitioner's contention. 22 O.S.1981, § 1086; *Jones v. State,* 704 P.2d 1138, 1140 (Okl.Cr.1985); *Stewart v. State,* 495 P.2d 834, 836 (Okl.Cr.1972).

■ In *Maynard v. Cartwright* the United States Supreme Court found that defendant Cartwright's death sentence was invalid because the aggravating circumstance that the murder was "especially heinous, atrocious or cruel" was unconstitutionally vague as applied in that case. Specifically, the Court held that the jury's finding that the murder was "especially heinous, atrocious or cruel" violated the previous dictates in *Furman v. Georgia,* 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), and *Godfrey v. Georgia,* 446 U.S. 420, 100 S.Ct. 1759, 64 L.Ed.2d 398 (1980), which required that the discretion of the sentencer be limited by some comprehensible standards. The lack of limitations and guidance provided in the instruction to the jury on this aggravating circumstance lead the Supreme Court to affirm the Tenth Circuit's previous vacation of the death sentence. The jury in Petitioner James' trial was given the same instruction as in the Cartwright case. Although a correct instruction at the time, we now recognize it was insufficient as it failed to properly channel or limit the sentencer's discretion in determining whether to impose a death sentence.

■ While the improper instruction causes the aggravating circumstance of "especially heinous, atrocious or cruel" to fail it does not necessitate an automatic modification of the death sentence to life.

In addition to finding that the murder was "especially heinous, atrocious or cruel" the jury found beyond a reasonable doubt that two other aggravating circumstances existed: the murder was committed by the defendant while serving a sentence of imprisonment on conviction of a felony and there existed a probability that the defendant would commit criminal acts of violence that would constitute a continuing threat to society.

■ When an aggravating circumstance is found to be invalid, this Court has the authority to review any remaining aggravating circumstances and the mitigating evidence to determine the validity of the death sentence. *Castro v. State,* 745 P.2d 394 (Okl.Cr.1987), 749 P.2d 1146 (Okl.Cr. 1987) (Opinion on Rehearing), *cert. denied,* 485 U.S. 971, 108 S.Ct. 1248, 99 L.Ed.2d 446 (1988); *Stouffer v. State,* 742 P.2d 562, 563 (Okl.Cr.1987), *cert. denied* 484 U.S. 1036, 108 S.Ct. 763, 98 L.Ed.2d 779 (1988). Title 21 O.S.Supp.1986, § 701.13(C) and § 701.-13(F), authorize this Court to make a sentence review which includes factual substantiation of the verdict and a determination of the validity of the sentence. A weighing of the aggravating circumstances versus mitigating factors is implicit to such review.

Contrary to Petitioner's argument, we are not prohibited from such review under *Cartwright.* The Supreme Court and the Tenth Circuit refused to reweigh the evidence when one aggravating circumstance failed only because of this Court's policy as it then existed of refusing to reconsider the death sentence on appeal when one aggravating circumstance was found invalid. In fact, the Supreme Court in *Cartwright* recognized our new policy of not automatically setting aside a death sentence when one of several aggravating circumstances is found to be invalid and stated that the significance of that decision was a matter for the state courts to decide.

The application of such a harmless error analysis to second stage sentencing errors has been approved by the Supreme Court in *Satterwhite v. Texas,* 486 U.S. 249, 108 S.Ct. 1792, 100 L.Ed.2d 284 (1988); *Wainwright v. Goode,* 464 U.S. 78, 104 S.Ct. 378,

---

**2.** This issue was also raised by co-defendant Sammy VanWoundenberg and is fully discussed in this Court's opinion denying post-conviction relief. *See VanWoundenberg v. State,* 818 P.2d 913 (Okl.Cr.1991).

78 L.Ed.2d 187 (1983); *Barclay v. Florida,* 463 U.S. 939, 103 S.Ct. 3418, 77 L.Ed.2d 1134 (1983) and *Zant v. Stephens,* 462 U.S. 862, 103 S.Ct. 2733, 77 L.Ed.2d 235 (1983).

■ The Petitioner also argues that this Court's harmless error analysis and reweighing of the evidence violates his right to have a jury set his sentence, pursuant to 22 O.S.1981, § 926. Section 926 provides that the jury may, and upon request of the defendant shall, assess the punishment in the first instance. This provision is activated only upon the defendant's specific request for jury sentencing. Such a specific request made by Petitioner James is not reflected in the record.

The provisions of 21 O.S.Supp.1989, §§ 701.10(A) and 701.10(B), require a sentencing proceeding before the same jury in the initial trial proceedings unless waived by the defendant. If the jury sentencing is waived, the sentencing shall be conducted before the court.

■ We have previously held that Section 926 is to be read in conjunction with 21 O.S.1981, § 701.7 *et seq.,* 21 O.S.Supp.1985, § 701.13, and 22 O.S.1981, § 1066, providing for this Court's appellate review of judgments and sentences. Such a reading of these provisions shows that a defendant's statutory right of jury sentencing is subject to this Court's statutory right to review the appropriateness of that sentence. See *Livingston v. State,* 795 P.2d 1055 (Okl.Cr.1990). Moreover, Petitioner is not prejudiced by this Court's review as he will not receive a sentence greater than that set by the jury.

■ Petitioner further argues that a retroactive application of this harmless error/reweighing policy would violate the federal and state constitutional prohibitions against *ex post facto* laws. As we stated in *Castro,* 749 P.2d at 1150, this Court's exercise of its statutory review powers in such a manner does not constitute an *ex post facto* violation.

■ Petitioner additionally contends that this Court's authority to independently reweigh evidence in aggravation and miti-

gation to determine the validity of the death sentence is limited to the review of a direct appeal. He argues that as the Post–Conviction Procedure Act, 22 O.S.1981, § 1080, *et seq.* does not specifically describe the powers of this Court and as 21 O.S.1981, § 701.13(F) restricts appellate review to the direct appeal, this Court lacks the authority to independently reweigh the aggravating circumstances against the mitigating evidence.

Petitioner is correct when he states that the Post–Conviction Procedure Act fails to enumerate the powers of this Court. However, our analysis does not end there but turns to the well established rules of statutory construction. When two statutes address the same subject matter both provisions are to be given effect, if such effect would not defeat the intent of the Legislature. *Inexco Oil Company v. Corporation Commission,* 628 P.2d 362, 365 (Okl. 1981); *State v. Smith,* 539 P.2d 754, 757 (Okl.Cr.1975).

Reading the above provisions together it becomes apparent that the Legislature intended this Court to have the same powers of review on Post–Conviction as it has in a direct appeal. The failure to read the two provisions in such a manner is reflected in Petitioner's own argument as it would be impossible for him to obtain the requested relief at this stage since there is no explicit authority to grant such relief.

We remain committed to our policy of applying a harmless error analysis in the review of sentencing errors in the second stage of a capital case. This approach of reweighing the aggravating circumstances against the mitigating evidence to determine the validity of the death sentence focuses on the individual circumstances of the homicide and the characteristics of each defendant. It ensures that the death penalty will not be "wantonly" or "freakishly" imposed. *Furman v. Georgia,* 408 U.S. at 310, 92 S.Ct. at 2762.

■ In fact, it is the role and duty of this Court to reweigh the evidence in any case where error is found to determine if that error was harmless beyond a reasonable doubt, upon which the verdict may be

affirmed, or fundamental error which would require a reversal of the judgement and sentence.

■ Having carefully examined Petitioner's application and the District Court's findings of fact and conclusions of law, we find that Petitioner is not entitled to relief. Based upon the evidence presented during the sentencing stage of Petitioner's trial, we find that the jury was not properly instructed as to the aggravating circumstance that the murder was "especially heinous atrocious or cruel". Therefore, that aggravating circumstance is found to be invalid. However, our appellate review, including a reweighing of the remaining valid aggravating circumstances and the mitigating evidence, reveals that sufficient evidence existed to support the remaining aggravating circumstances beyond a reasonable doubt and the imposition of the death penalty as a result. Therefore, the order of the District Court should be, and is hereby AFFIRMED.

LANE, P.J., and BRETT, J., concur in results.

PARKS and JOHNSON, JJ., concur.

LANE, Presiding Judge, concurring in result.

While I agree with most of the majority's opinion, I take exception to the suggestion that 22 O.S.1981, § 926 applies to a murder in the first degree case where the death penalty is requested. In my opinion, 21 O.S.1981, § 701.10 is the applicable statute controlling juries fixing punishment in death cases. It provides:

A. Upon conviction or adjudication of guilt of a defendant of murder in the first degree, the court shall conduct a separate sentencing proceeding to determine whether the defendant should be sentenced to death, life imprisonment without parole or life imprisonment. *The proceeding shall be conducted by the trial judge before the same trial jury* as soon as practicable without presentence investigation. (Emphasis added).

I believe that this statute eliminates the written request for jury sentencing required by Section 926.