John Wayne DUVALL, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. PC–93–644.

Court of Criminal Appeals of Oklahoma.

Feb. 10, 1994.

Reconsideration of Dismissal Denied
March 28, 1994.*

---

*ORDER DISMISSING APPLICATION FOR POST–CONVICTION RELIEF AND SETTING DATE FOR EXECUTION OF SENTENCE*

Appellant John Wayne Duvall has filed with this Court an appeal from the denial by the District Court of Stephens County of an application for post-conviction relief. Appellee, the State of Oklahoma, filed a Motion to Dismiss the appeal. We grant the motion, but not for the reasons given by the State. A review of the proceedings to date show why.[1]

Appellant was convicted by a Stephens County jury in 1987 of first degree murder and sentenced to death. This Court upheld that conviction on direct appeal. *Duvall v. State*, 825 P.2d 621 (Okl.Cr.1991).

On October 5, 1992, certiorari was denied by the United States Supreme Court in *Duvall v. Oklahoma*, —— U.S. ——, 113 S.Ct. 224, 121 L.Ed.2d 161 (1992).

Appellant on October 29, 1992, filed a motion with the Stephens County District Court to toll the running of the time for filing his application for post-conviction relief. His motion was based on a civil rights action filed in the United States District Court for the Western District of Oklahoma, Case No. CIV–92–893–C.[2] The district court held a hearing on Appellant's motion and denied it in a letter dated November 18, 1992. This Court in an order dated December 14, 1992, denied Appellant's request for a writ of mandamus or prohibition in O–92–1121, giving Appellant 20 days to file his post-conviction application with the district court.

Appellant also filed on November 24, 1992, a request for extension of time with the district court. The district court denied that request.

---

* Editor's Note: The court's March 28, 1994 order is published in a subsequent advance sheet.

1. Some of the events listed below are based on representations of counsel, and not on the record before this Court, for reasons which become obvious below.

2. That lawsuit alleged in applicable part the state was violating the civil rights of death row inmates by restricting confidential contact communication between client and counsel and defense experts. We have previously held that action is not relevant to the issues presented on post-conviction relief, *Mann v. State*, 856 P.2d 992, 993 (Okl.Cr.1993); *Williamson v. State*, 852 P.2d 167, 169 (Okl.Cr.1993). We do so again here.

Appellant on December 4, 1992, then filed his application for post-conviction relief with the district court, asking leave to amend if necessary. The application was denied June 8, 1993.

Appellant sought and received from this Court three (3) extensions of time in which to file his appeal brief. The appeal brief was filed December 1, 1993, the last day of the extension.

Subsequently, the State filed one motion for extension of time, which was granted until January 18, 1994. On that date, the State filed its motion to dismiss the post-conviction appeal. It gave for a reason Appellant had failed to file with this Court its notice of intent to appeal and designation of record. The State acknowledged those documents had been filed on June 17, 1993, with the clerk of the district court. However, the State argued failure to file copies of those documents with this Court or send copies to the State are also jurisdictional; consequently, the appeal should be dismissed because of lack of jurisdiction.

Appellant on January 25, 1994, filed with the Clerk of this Court copies of his designation of record on appeal and his notice of intent to appeal. At the same time, Appellant filed a response to the State's motion to dismiss, claiming the only jurisdictional requirement was filing the disputed documents with the district court, which it had done in a timely manner.

We need not address the question whether failure to file the notice of intent to appeal and the designation of record are jurisdictional. A review of the items filed with this Court reveal that although these items were filed,[3] the only other materials filed in a timely manner were a motion to permit entry of counsel *pro hac vice*, the requests for extensions of time, and the brief. Even after the disputed documents were filed, counsel made no attempt to file either a petition in

error or the order of the district court denying his application for post-conviction relief.

Our Court rules state in applicable part:

The applicant, or the State, desiring to appeal from the final order of the district court under Section V of these rules [governing post-conviction appeals], must file a petition in error WITH A COPY OF THE ORDER ATTACHED with the Clerk of this Court within thirty (30) days from the date of the final order of the district court; and at the same time the applicant, or the State, must file any brief to be submitted.

.... *Failure to file a petition in error, with or without a brief, within the time provided, shall bar this Court from considering the appeal.*

Rule 5.2(C), *Rules of the Court of Criminal Appeals,* 22 O.S.1991, Ch. 18, App. (upper case in original; other emphasis added).

The rule is clear and applicable. *See* Rule 9.6, *Rules of the Court of Criminal Appeals,* 22 O.S.1991, Ch. 18, App. (capital post-conviction appeals to be perfected in accordance with 22 O.S.1991, § 1089); 22 O.S.1991, § 1089(D) (all matters not specifically governed by section 1089 are subject to general provisions of the post-conviction relief act). An Appellant must affirmatively attach with his brief a copy of order of the district court. Rule 5.2(C). The district court order is the equivalent of the judgment and sentence, which is required to confirm jurisdiction on this Court. *See Quick v. City of Tulsa,* 542 P.2d 961, 964–65 (Okl.Cr.1975) (judgment and sentence necessary for this Court's jurisdiction); *Robinson v. State,* 501 P.2d 215, 216 (Okl.Cr.1968) (same); *Jones v. State,* 499 P.2d 482, 484 (Okl.Cr.1972) (same); *Baker v. State,* 496 P.2d 1195, 1196 (Okl.Cr. 1972) (no judgment and sentence, and no attempt to supplement record with it); *Leigh v. Johnson,* 440 P.2d 375, 379 (Okl.Cr.1968) (when notice of intent to appeal and designation of record filed, appellant (or attorney if indigent) assumes full responsibility to perfecting appeal within the statutory time lim-

---

**3.** Appellant sent his notice of intent to appeal, designation of record and response to the State's motion to the Clerk of this Court for "filing and docketing" without receiving permission from this Court to file materials out of time. However, because we resolve the case on other grounds, we need not address the additional question of whether this Court should accept these items for filing because they were not filed in a timely manner.

**334**

its); *Nard v. State,* 412 P.2d 489, 490–92 (Okl.Cr.1965) (appeal dismissed because filed out of time, even if within time granted by trial court, when trial court's extension was not lawful); *Pulliam v. Page,* 401 P.2d 530, 532 (Okl.Cr.1965) (appeal dismissed when given additional time to perfect appeal and petitioner failed to do so); *Qualls v. State,* 381 P.2d 904, 905 (Okl.Cr.App.1963) (in habeas/post-conviction appeal, judgment and sentence all that is necessary under existing rules; but judgment and sentence required).

We therefore conclude this Court lacks jurisdiction, as Appellant has failed to include with his brief a copy of the district court's order denying relief. Further, Appellant has failed to file a Petition in Error with the Clerk of this Court. This, too, is jurisdictional. Rule 5.2(C).

Accordingly, for the reasons stated above, the State's motion to dismiss Appellant's appeal in the above styled and numbered cause is **GRANTED.**

Further, as this Court never obtained jurisdiction on appeal; and Appellant has presented no evidence he has filed a valid appeal to this Court or any other court, within forty-five (45) days from the date he filed his notice of intent to appeal; we hereby order the execution of the judgment and sentence of death of the District Court of Stephens County to be carried out, said execution to be carried out on or before 6:00 a.m. on Friday, April 8, 1994. 22 O.S.Supp.1992, § 1001.1(A).

**IT IS THEREFORE THE ORDER OF THIS COURT** that Appellant's appeal from the district court's denial of post-conviction relief be DISMISSED. Further, it is the order of this Court that the Judgment and Sentence of death entered by the District Court of Stephens County be carried out on or before 6:00 a.m. Friday, April 8, 1994.

IT IS SO ORDERED.

/s/Gary L. Lumpkin
GARY L. LUMPKIN, Presiding Judge

/s/Charles A. Johnson
CHARLES A. JOHNSON, Vice Presiding Judge

/s/Reta M. Strubhar
RETA M. STRUBHAR, Judge

CHAPEL, J., concurs in result.