**John Wayne DUVALL, Petitioner,**

v.

**The STATE of Oklahoma, Respondent.**

**No. PC–93–644.**

Court of Criminal Appeals of Oklahoma.

March 28, 1994.

*ORDER DENYING MOTION TO RECONSIDER DISMISSAL, REINSTATE APPEAL, AND STAY EXECUTION DATE*

Following this Court's Order Dismissing Petitioner's Application for Post–Conviction Relief in *Duvall v. State,* 869 P.2d 332 (Okl. Cr.1994), Petitioner has filed a Motion for Reconsideration of Dismissal, Request for Reinstatement of Appeal, and Request for Stay of Execution. In his Motion, Petitioner states this Court misstated the procedural history of the case[1]; argued he filed no Petition in Error because none was required;

---

1. Petitioner subsequently filed a Supplement to his Motion, acknowledging no such misstatement

claimed this Court cannot dismiss his appeal because of his failure to file the Petition in error; claimed the requirement to do so in his case amounted to an unconstitutionally vague requirement and denied him due process of the law; and claimed his appeal was dismissed because of a technicality.

■ Concerning the Petition in Error, the gist of Petitioner's argument is because this Court had not required a petition in the past, it is not required now. In its Order, this Court held such a petition was required.

In reaching this holding, we did what we have always done: resorted first to 22 O.S. 1991, § 1089 and Section Nine of this Court's Rules, both of which govern post-conviction appeals in capital cases; then resort to general provisions of the post-conviction relief act and other Court Rules in those instances where the requirements of Section Nine and 22 O.S.1991, § 1089 are unclear. There is nothing new or startling about this procedure. *Cf. VanWoundenberg v. State*, 818 P.2d 913, 915 (Okl.Cr.1991) (using 22 O.S. 1981, § 1086, in the general statutes governing post-conviction appeal, to allow this Court to address petitioner's complaints in a second post-conviction appeal); *Stafford v. State*, 815 P.2d 685, 686 (Okl.Cr.1991) (same); *Hale v. State*, 807 P.2d 264, 266 (Okl.Cr.1991) (citing 22 O.S.1981, § 1086 and the general provisions of the Post–Conviction Procedure Act, 22 O.S.1981, Sec. 1080, *et seq.;* using *Ellington v. Crisp*, 547 P.2d 391, 392–93 (Okl.Cr. 1976) (armed robbery) and *Castleberry v. State*, 590 P.2d 697, 703 (Okl.Cr.1979) (life sentences), both non-capital cases, for authority in support of the proposition this

Court would not consider in post-conviction propositions of error which were or could have been raised on direct appeal). Section 1087 specifically requires a Petition in Error to be filed to perfect an appeal of a denial of post-conviction relief and Section 1089(D) adopts Section 1087 as a part of the procedure in a capital case.

Nor need we be detained long on Petitioner's argument this Court's rules cannot define its jurisdiction. There are two points which settle Petitioner's argument.

■ First, although Petitioner cites the correct statutory and constitutional provisions which give this Court general jurisdiction, *see* Okla. Const. art. VII, § 4 and 20 O.S.1991, § 40, Petitioner overlooks another applicable statute, which provides:

The procedure for the filing of an appeal in the Court of Criminal Appeals shall be as provided in the Rules of the Court of Criminal Appeals; and the Court of Criminal Appeals shall provide by court rules, which will have the force of statute, and be in furtherance of this method of appeal: (1) [procedure dictating preparation of record]; (2) the procedure to be followed for the completion and submission of the appeal taken hereunder; and (3) the procedure to be followed for filing a petition for and the issuance of a writ of certiorari.[2]

22 O.S.1991, § 1051(b). Petitioner also overlooks another provision, which reads:

[The Court of Criminal Appeals] shall have power, upon affidavit or otherwise, to ascertain such matters of fact as may be necessary to the exercise of its jurisdiction.

occurred. Therefore, we shall not address that portion of the Motion.

**2.** Nor are we persuaded by the happenstance placement of this provision at the beginning of the section dealing with direct appeals. Both direct appeals and post-conviction appeals are governed by statutes set forth in the same chapter of Title 22. We also note the provisions dealing with direct appeal and those dealing with post-conviction were passed at separate times. *See* R.L.1910, § 5988; Laws 1965, c. 113, § 1; Laws 1970, c. 157, §§ 1, 2 (establishing general appeal procedures); Laws 1970, c. 220, §§ 1–9

(governing post-conviction); Laws 1987, c. 153, § 1 (capital post-conviction). That the Legislature chose to keep the provision at the very beginning of the chapter governing all appeals convinces us the Legislature intended it to apply to all sections in Chapter 18 dealing with appeals. Additionally, it would be inconsistent to hold the Legislature intended this Court to promulgate rules having the force of law in one type of appeal, while being powerless to enforce rules governing another type of appeal. Rather, faced with a common problem, we adopt a common solution.

20 O.S.1991, § 42. Clearly, then, this Court has the authority to determine, in a criminal matter, when it has the power to proceed.

Second, and more to the point, we fear Petitioner overlooks crucial language in our Order dismissing his Application. While a portion of the Order dealt with the necessity of having a Petition in Error filed, the portion of the opinion containing the jurisdictional language deals not with the Petition in Error, but the *order of the district court.* See *Duvall,* 869 P.2d at 334.

■ The absence of this district court order is not a mere procedural formality as Petitioner would have us believe; without the order, this Court has no way to determine in what way the district court addressed his claims below, or even if those claims were addressed at all. This Court, with very limited exceptions, has only appellate jurisdiction. If the district court did not act on a proposition, or if a proposition was not given to the district court, we could be acting as a court of original jurisdiction. This we cannot do. Okla. Const. art. VII, § 4; 20 O.S.1991, § 40.

It is because of this important point, and not simply the requirement of a Petition in Error, that Petitioner is not deprived of due process or equal protection of the laws because he did not file a Petition in Error. Nowhere does Petitioner argue—nor can he—that this Court has addressed an appeal without the Order or Judgment and Sentence of the court below. It is for this same reason we do not deem the failure to provide such Order or Judgment and Sentence a mere technical defect.

Simply put, Petitioner had not only the time originally allotted, but three (3) extensions of time in which to present this Court with the record it needed to obtain jurisdiction and adjudicate his appeal. He failed to do so. By his failure to accomplish this within the time provided by state law, he has defaulted on his right to have his post-conviction appeal heard in this Court.

For these reasons, we hereby **DENY** Petitioner's Motion for Reconsideration of Dismissal and his Request for Reinstatement of his Appeal. Because his Request for a Stay of Execution is based on the above points which we have rejected, said request is also **DENIED.**[3] The Clerk of this Court is ordered to issue the Mandate forthwith.

**IT IS SO ORDERED.**

/s/  Gary L. Lumpkin

Gary L. Lumpkin, Presiding Judge

/s/  Charles A. Johnson

Charles A. Johnson, Vice Presiding Judge

/s/  Reta M. Strubhar

Reta M. Strubhar, Judge

CHAPEL, J., concurs in result.

LANE, J., dissents and files opinion.

LANE, Judge dissenting:

I dissent to the part of this order that denies Appellant's motion to reconsider appeal. I would grant this only for the purpose of allowing this Court to reconsider the reasoning in the original order.[1] I would dismiss the appeal for failure to file the necessary documents, but I do not believe that a petition in error is included in the list of necessary documents in an appeal from denial of post conviction relief in a capital case.

It is a fundamental rule of construction that a specific statute controls over a general statute. See, *Stiles v. State,* 829 P.2d 984

---

3. Petitioner claims our wording setting his execution for "on or before 6:00 a.m. on Friday, April 8, 1994" is ambiguous, and that "[q]uite literally, John Duvall could erroneously be executed now under a flawed interpretation of an ambiguous order." Motion at 13. However, he admits the logical interpretation of this language is "that the time set for execution is sometime between 12:01 a.m. and 6:00 a.m. on April 8, 1994." This "logical interpretation" is correct. If the time was ambiguous before, it is not now. Petitioner has answered his own question.

1. Unfortunately, I was unable to participate in the original order. If I had, I would have concurred in result for the reasons I now express.

(Okl.Cr.1992). In 1987, the legislature passed 22 O.S.1991, § 1089(C)(4) specifying what was necessary to perfect an appeal in a situation like the current matter. It does not require a petition in error, but does require the appellant to file a copy of his notice of intent to appeal and designation of record with the Clerk of this court. It is my opinion that this filing was intended to be the triggering device that confers jurisdiction for appeal. As a practical matter both this filing and a petition in error serve the same purpose. Both notify the court that there is an appeal in the works. Under current rules a petition in error does nothing more.