**Richard Norman ROJEM, Jr., Petitioner,**

v.

**The STATE of Oklahoma, Respondent.**

**No. PC–94–94.**

Court of Criminal Appeals of Oklahoma.

Jan. 6, 1995.

William R. Foster Jr., Janet Chesley, Asst. Appellate Public Defenders, Norman, for petitioner.

Susan Brimer Loving, Atty. Gen., A. Diane Blalock, Asst. Atty. Gen., Oklahoma City, for respondent.

## OPINION

CHAPEL, Judge.

Richard Norman Rojem, Jr. was tried by a jury in Washita County District Court and

convicted of kidnapping, rape and murder. The jury sentenced Rojem to 1,000 years imprisonment for rape, 1,000 years imprisonment for kidnapping, and imposed the death penalty for murder. Rojem appealed his judgment and sentence to this Court, and we affirmed.[1] This Court denied Rojem's petition for rehearing and the United States Supreme Court denied Rojem's petition for certiorari.[2]

On December 12, 1988, Rojem filed an application for post-conviction with the district court. The district court denied Rojem's application and he appealed. We affirmed the district court's order.[3] On November 2, 1992, the United States Supreme Court denied Rojem's petition for certiorari.[4]

On January 6, 1994, Rojem filed a second application for post-conviction relief in the district court alleging, *inter alia*, that the State suppressed exculpatory evidence, which he had only recently discovered. On January 20, 1994, the district court dismissed the application on the grounds that this second application for post-conviction relief "was not timely filed, pursuant to Title 22, Okla. Stat.1987, S. 1089(C)." Rojem has appealed the district court's order to this Court.

The issue before this Court is whether the time for filing subsequent applications for post-conviction relief in capital cases is governed by 22 O.S.1991, § 1086, or 22 O.S.1991, § 1089. Under the caselaw and a plain reading of the statute, we find § 1086 is controlling.

Section 1089 governs applications for post-conviction relief in capital cases. Section 1089 provides, in pertinent part:

A. The application for post-conviction relief of a defendant who is under the sentence of death and whose death sentence has been reviewed by the Court of Criminal Appeals in accordance with the provisions of Section 701.13 of Title 21 of the Oklahoma Statutes, and affirmed, shall be expedited as provided in this section.

. . . .

C. 1. The application for post-conviction relief shall be filed in the district court which imposed the sentence within sixty (60) days:

a. from the expiration date of the time for filing a petition for a writ of certiorari with the United States Supreme Court; or

b. from the date that the United States Supreme Court denied the defendant's petition for writ of certiorari.

2. The state shall have fifteen (15) days thereafter within which to file a response to the application. The district court shall make its decision within forty-five (45) days from the date that the state filed its response.

. . . .

D. All matters not specifically governed by the provisions of this section shall be subject to the provisions of the Post-Conviction Procedure Act. If the provisions of this act conflict with the provisions of the Post-Conviction Procedure Act, the provisions of this act shall govern.

Section 1089 clearly sets out time limits for the filing of an initial application for post-conviction relief in capital cases. However, § 1089 does not refer to subsequent applications for post-conviction relief, and it does not set out a time frame for filing subsequent applications in capital cases. Section 1089(D) does provide that, "All matters not specifically governed by the provisions of this section shall be subject to the provisions of the Uniform Post-Conviction Procedure Act." Since § 1089 does not specifically address subsequent applications for post-conviction relief, we must turn to the general provisions of the Post-Conviction Procedure Act for guidance.[5]

■ Section 1086 of the general provisions of the Post-Conviction Procedure Act ad-

---

1. *Rojem v. State*, 753 P.2d 359 (Okl.Cr.1988).

2. *Rojem v. Oklahoma*, 488 U.S. 900, 109 S.Ct. 249, 102 L.Ed.2d 238 (1988).

3. *Rojem v. State*, 829 P.2d 683 (Okl.Cr.1992).

4. *Rojem v. Oklahoma*, —— U.S. ——, 113 S.Ct. 420, 121 L.Ed.2d 343 (1992).

5. *See generally Duvall v. State*, 871 P.2d 1386, 1387 (Okl.Cr.1994).

dresses subsequent applications for post-conviction relief:

All grounds for relief available to an applicant under this act must be raised in his original, supplemental or amended application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the prior application.

Section 1086 clearly controls subsequent applications for post-conviction relief and sets forth the constraints and limitations imposed on petitioners filing such applications.[6] Based on the plain language of §§ 1089 and 1086 and the caselaw of this Court,[7] we must conclude that § 1086 controls subsequent applications for post-conviction relief in capital cases.

■ Section 1086 does not impose any time limits on petitioners filing subsequent applications for post-conviction relief. Since § 1086 controls the filing of Rojem's subsequent application, Rojem was not required to file his application within a specified time frame. Therefore, Rojem's subsequent application for post-conviction relief was timely filed in accordance with § 1086.

As Rojem has complied with the procedural rules governing subsequent applications for post-conviction relief, we must reverse the district court's order dismissing his application as not timely filed. Rojem has further requested that this Court order the district court to hold an evidentiary hearing in his post-conviction proceeding. We decline to do so. The district court is to determine whether an evidentiary hearing is warranted in this case.[8] "If the district court determines that an evidentiary hearing should be held, that hearing shall be held within thirty (30) days from the date that the state filed its response, and the district court shall issue its ruling within forty-five (45) days from the date of the conclusion of the evidentiary hearing."[9]

Accordingly, we reverse the district court's order dismissing Rojem's subsequent application for post-conviction relief and remand this case to the district court for further proceedings.

LANE and STRUBHAR, JJ., concur.

---

**6.** Subsequent applications for post-conviction relief can only be filed under certain, limited circumstances. "Section 1086 limits the relief available on subsequent petitions to only 'those grounds which for sufficient reason[s] were not asserted or [were] inadequately raised.'" *Johnson v. State,* 823 P.2d 370, 372 (Okl.Cr.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1984, 118 L.Ed.2d 582 (1992), *quoting,* 22 O.S.1981, § 1086. *See VanWoundenberg v. State,* 818 P.2d 913, 915 (Okl.Cr.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1693, 118 L.Ed.2d 405 (1992) (intervening change in law justified subsequent application for post-conviction relief in capital case). Rojem claims that the reason he has filed a subsequent application for post-conviction is that he only recently discovered certain evidence—which he claims is exculpatory and was suppressed by the State—and that he was unaware of this information when he filed his direct appeal and initial application for post-conviction relief. The merits of Rojem's claims are not before this Court. The only question we are facing is whether or not Rojem's subsequent application for post-conviction relief was timely filed.

**7.** *See Duvall,* 871 P.2d at 1387 (noting that in prior cases the Court relied on § 1086 to allow

review of subsequent applications for post-conviction relief in capital cases); *VanWoundenberg,* 818 P.2d at 915 (§ 1086 allowed Court to address petitioner's complaints in second post-conviction appeal); *Stafford v. State,* 815 P.2d 685, 687 (Okl.Cr.1991) (same); *see also Hale v. State,* 807 P.2d 264, 266 (Okl.Cr.1991), *cert. denied,* 502 U.S. 902, 112 S.Ct. 280, 116 L.Ed.2d 231 (1991).

**8.** 22 O.S.1991, § 1084 provides:

If the application cannot be disposed of on the pleadings and record, or there exists a material issue of fact, the court shall conduct an evidentiary hearing at which time a record shall be made and preserved. The court may receive proof by affidavits, depositions, oral testimony, or other evidence and may order the applicant brought before it for the hearing. A judge should not preside at such a hearing if his testimony is material. The court shall make specific findings of fact, and state expressly its conclusions of law, relating to each issue presented. This order is a final judgment.

**9.** 22 O.S.1991, § 1089(C)(3).

LUMPKIN, P.J., specially concur.

JOHNSON, V.P.J., concur in result.

LUMPKIN, Presiding Judge, specially concurring:

I reluctantly concur in the Court's opinion. Although I believe it was a grave oversight, it appears plain to me the Legislature simply did not provide for a time restriction on a second and subsequent application for post-conviction relief in situations such as Petitioner's.

If it wasn't plain before, our decision in *Duvall v. State,* 871 P.2d 1386 (Okl.Cr.1994), cited in the opinion, makes it plain provisions of the non-capital portion of the post-conviction procedure act govern in the absence of a specific provision in § 1089. Section 1089 does not address subsequent post-conviction applications, so we must therefore go to § 1086. That section is silent concerning time restrictions.

This reasoning is strengthened by language in 22 O.S.Supp.1992, § 1001.1. That provision reads in pertinent part:

A. The execution of the judgment in cases where sentence of death is imposed shall be ordered by the Court of Criminal Appeals to be carried out sixty (60) days after the defendant fails to meet any of the following time conditions:

. . . .

2. If a defendant does not file the *first* application for post-conviction relief in the state district court within sixty (60) days of a denial of certiorari or from a decision by the United States Supreme Court from his direct appeal, or from the expiration date of the time for filing a petition for writ of certiorari with the United States Supreme Court;

3. If a defendant does not file an appeal to the Oklahoma Court of Criminal Appeals from a denial of state post-conviction relief within forty-five (45) days from the date the transcript is filed in the Court of Criminal Appeals or, if no evidentiary hearing was held, within forty-five (45) days from the date of filing of the notice of appeal;

. . . .

B. The filing of a petition for rehearing in any federal court shall not serve to stay the execution dates or the time restraints set forth in the above section unless the defendant makes the showing set forth in subsection C of this section. The provisions of subsection A do not apply to second or subsequent petitions or appeals filed in any court. *The filing of a second or subsequent petition or appeal in any court does not prevent the setting of an execution date.*

(emphasis added). Clearly, although there are time restrictions on the *first* such application, there are none on any subsequent applications, most likely because § 1086 makes it plain second applications cannot contain anything which could have been raised in the first application; and because subsection B of § 1001.1 makes it plain the filing of a second petition does not prevent an execution date from being set even if a second petition is filed.

This lack of a time restriction strikes me as a grave oversight; however, it the province of the Legislature, not this Court, to set a "statute of limitations" barring second and subsequent post-conviction applications.

Having said that, I believe it would be possible in some cases for a petitioner to sit on a viable issue for a sufficiently long period of time to forfeit his right to a second application for post-conviction based on his own inaction. However, that situation is not before us. Petitioner asserts—and we have no reason to doubt it—that although the evidence was part of evidence discovered in another case, he did not discover its applicability to his case until Autumn 1993. Petitioner's application for post-conviction relief was filed with the district court in January 1994. Absent specific statutory provisions to the contrary, two or three months is not an unreasonably long period of time.

It would have been helpful here for the district court to make a record dealing with the length of time between discovery of what Petitioner is calling newly discovered evidence and the time he filed his application. Should this arise in the future, it would be helpful for the district courts to detail to

some degree when such evidence was discovered to allow such a determination to take place.