1998 OK CR 16

John Wayne DUVALL, Petitioner,

v.

Ron WARD, Warden, Oklahoma State Penitentiary, Respondent.

No. PC–98–62.

Court of Criminal Appeals of Oklahoma.

March 16, 1998.

## ORDER DENYING MOTION FOR EVIDENTIARY HEARING AND ORDER DENYING APPLICATION FOR POST–CONVICTION RELIEF

¶1 Petitioner, appearing *pro se,* has filed a Motion for Evidentiary Hearing and Discovery pursuant to "22 O.S.Supp.1987, § 1089(D)(5) and Rule 9.7D, *Rules of the Court of Criminal Appeals* to develop and establish the factual basis of claims advanced by Petitioner in his Application for Post–Conviction Relief filed contemporaneously with this motion...." (Motion for Evidentiary Hearing and Discovery, pg.1). Petitioner was convicted in a jury trial of first degree murder and sentenced to death. This Court affirmed the judgment and sentence in *Duvall v. State,* 825 P.2d 621 (Okl.Cr.1991), and the United States Supreme Court denied certiorari. *Duvall v. Oklahoma,* 506 U.S. 878, 113 S.Ct. 224, 121 L.Ed.2d 161 (1992). Petitioner's subsequent Application for Post–Conviction Relief, filed with the District Court of Stephens County, was denied. Petitioner attempted to appeal that denial to this Court. This Court dismissed the Application due to Petitioner's failure to file a petition in error and include a copy of the order of the District Court of Stephens County denying post-conviction relief. *Duvall v. State,* 869 P.2d 332, 333 (Okl.Cr.1994), *motion for reconsideration denied, Duvall v. State,* 871 P.2d 1386 (Okl.Cr.1994).

¶2 The Application for Post–Conviction Relief filed herein with Petitioner's motion is a subsequent application for post-conviction

relief. The rules regarding the filing and review of subsequent applications are set forth in Rule 9.7(G), *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch. 18, App. (1998) and 22 O.S.Supp.1996, § 1089(D)(8) and (9). Rule 9.7(G)(1) and (3) provide:

> (1) A subsequent application for post-conviction relief shall not be considered, unless it contains claims which have not been and could not have been previously presented in the original application because the factual or legal basis was unavailable, as defined in Section 1089(D)(9) of Title 22.
>
> (3) No subsequent application for post-conviction relief shall be considered by this Court unless it is filed within sixty (60) days from the date the previously unavailable legal or factual basis serving as the basis for a new issue is announced or discovered.

¶ 3 Pursuant to 22 O.S.Supp.1996, § 1089(D)(8) if a subsequent application for post-conviction relief is filed after filing an original application, the Court of Criminal Appeals may not consider the subsequent application on its merits or grant relief unless the application contains sufficient specific facts establishing that the current claims and issues have not been and could not have been presented previously in a timely original application or in a previously considered application filed under this section, because the factual or legal basis for the claim was unavailable. A legal basis of a claim is unavailable only if it:

> a. was not recognized by or could not have been reasonably formulated from a final decision of the United States Supreme Court, a court of appeals of the United States, or a court of appellate jurisdiction of this state on or before that date, or
>
> b. is a new rule of constitutional law that was given retroactive effect by the United States Supreme Court or a court of appellate jurisdiction of this state and had not been announced on or before that date.

¶ 4 22 O.S.Supp.1996, § 1089(D)(9). A factual basis of a claim is unavailable if the factual basis was not ascertainable through the exercise of reasonable diligence. *Id.*

¶ 5 In his Application for Post–Conviction Relief, Petitioner raises six propositions of error. In Proposition I he asserts that where his competency remained in question throughout all criminal proceedings in this case without an affirmative determination being made that he was competent to proceed, the judgment and death sentence imposed must be found to be unreliable in light of the due process clause of the Fourteenth Amendment to the Constitution of the United States. In Proposition II he asserts he was denied the effective assistance of appellate counsel in not presenting his claim of incompetence on direct appeal in violation of the Sixth and Fourteenth Amendments to the Constitution of the United States.

■ ¶ 6 We have reviewed these claims and find that Petitioner has failed to present sufficient specific facts establishing that these claims could not have been presented in a previously considered application for post-conviction relief. He has failed to show that the legal basis of each claim was not recognized by or could not have been reasonably formulated from a final decision of the United States Supreme Court, a court of appeals of the United States, or a court of appellate jurisdiction of this state or that the claims are a new rule of constitutional law given retroactive effect by the United States Supreme Court or a court of appellate jurisdiction of this state. Petitioner has further failed to show that the factual basis of each claim was not ascertainable through the exercise of reasonable diligence. *Id.* As Petitioner has failed to prove that his claims regarding his competency to stand trial and the effectiveness of appellate counsel were issues which could not have been raised in a previous application for post-conviction relief, this Court is unable to consider the merits of those claims and the application for post-conviction relief is denied. 22 O.S.Supp.1996, § (D)(8).

■ ¶ 7 In Propositions III through VI Petitioner challenges blood extraction procedures under 22 O.S.Supp.1996, § 991a(I) for purposes of DNA testing. Specifically he argues in Proposition III that the extraction of his blood as a condition of his existing

judgment and sentence violated his protection against multiple punishments under the Fifth and Fourteenth Amendments to the Constitution of the United States. In Proposition IV he contends the imposition of the blood extraction procedure subjected him to a "bill of attainder" prohibited by Article I, Section 10 of the Constitution of the United States. In Proposition V he argues the imposition of the blood extraction procedure was an *ex post facto* application of the law, and in Proposition VI he asserts it violated his right to be free of excessive punishment guaranteed by the Eighth and Fourteenth amendments to the Constitution of the United States.

¶ 8    The procedures referred to in Subsection I of 22 O.S.Supp.1996, § 991a(I) were approved by the Legislature in April 1994. 1994 Okl.Sess.Laws Ch. 40, § 1. In February of 1994, this Court dismissed Petitioner's previous attempt to appeal the denial of post-conviction relief, with reconsideration of the issue in March 1994. The legal basis of Petitioner's claims did not come into effect until after this Court dismissed the application for post-conviction relief. Therefore, the claims were not available at the time Petitioner filed his application for post conviction and could not have been raised at that time. However, the challenges to the blood extraction procedures could have been raised within sixty (60) days from April 11, 1994, the date the previously unavailable legal basis was announced. Such claims were not raised at that time. Therefore, this Court cannot consider those claims in this subsequent application. Rule 9.7(G)(3), *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch. 18, App. (1998).

¶ 9    As Petitioner's claims either could have been raised in a previous post-conviction application or sixty (60) days from April 11, 1994, but were not, this Court is unable to consider the merits of those claims and this subsequent application for post-conviction is denied. 22 O.S.Supp.1996, § (D)(8). Accordingly, Petitioner's motion for evidentiary hearing and discovery is hereby denied as moot.

**IT IS SO ORDERED.**

/s/ Reta M. Strubhar
    RETA M. STRUBHAR, Vice Presiding Judge

/s/ Gary L. Lumpkin
    GARY L. LUMPKIN, Judge

/s/ James F. Lane
    JAMES F. LANE, Judge

/s/ Charles A. Johnson
    CHARLES A. JOHNSON, Judge

CHAPEL, P.J., concurs in result.

CHAPEL, Presiding Judge, concurring in result:

¶ 1    I concur in denying this petitioner's Application for Post Conviction Relief. However, I disagree with the court's analysis in resolving Propositions III through VI. In my judgment those claims are beyond the scope of a collateral attack on the judgment and sentence for which petitioner is imprisoned. These matters, in my judgment, can only be resolved through direct legal challenges—not post-conviction proceedings.