**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 1 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MICHAEL D. WALKER,

      Petitioner - Appellant,

v.

JAMES SAFFLE; THE ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

      Respondents - Appellees.

Nos. 98-7125 & 98-7144
(D.C. No. 98-CV-95-B)
(Eastern District of Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY**, **EBEL** and **LUCERO**, Circuit Judges.

---

Petitioner Michael D. Walker seeks a certificate of appealability ("COA"),

pursuant to 28 U.S.C. § 2253(c)(1)(A), to appeal the denial of his petition for a

writ of habeas corpus, pursuant to 28 U.S.C. § 2254.[1]  We have jurisdiction

pursuant to 28 U.S.C. § 2253 and deny the application for COA.

---

[*]The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 36.3.

[1]This decision resolves two appeals that have been consolidated for procedural
purposes: 98-7125 appeals dismissal of Walker's habeas petition, and 98-7144 appeals
denial of his application for a certificate of appealability.

The district court dismissed Walker's petition as untimely under the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2244(d). Because of retroactivity concerns, we have determined that for prisoners like Walker who were convicted prior to the effective date of AEDPA, April 24, 1996, the one-year limitations period for filing of a habeas petition begins to run on April 24, 1996.[2] See United States v. Simmonds, 111 F.3d 737, 745-46 (10th Cir. 1997). Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending tolls the limitations period of AEDPA, including the limitation period that applies to prisoners whose convictions became final prior to April 24, 1996. See Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998).

Walker filed an application for post-conviction relief in state district court on April 23, 1996. Thus, his AEDPA limitations period was tolled during the pendency of that application. The state district court denied his application on February 12, 1997, at which time his one-year limitations period began to run.

On March 12, 1997, Walker filed an appeal of the denial of post-conviction relief. On May 8, 1997, the Oklahoma Court of Criminal Appeals entered an

---

[2] Walker's conviction was affirmed by the Oklahoma Court of Criminal Appeals on December 19, 1994.

order directing Walker to file a certified copy of the state district court order on appeal and to show cause for his failure to file such with his petition in error. After Walker failed to file a copy of the order, on August 12, 1997, the Oklahoma Court of Criminal Appeals declined jurisdiction and dismissed Walker's appeal. Walker filed a petition for habeas relief in federal court on March 6, 1998.

The district court concluded that, because of Walker's failure to file a copy of the district court's order denying post-conviction relief, his appeal of that denial was not "properly filed" under 28 U.S.C. § 2244(d)(2), and therefore did not toll AEDPA's statute of limitations. Therefore, Walker's deadline for filing his petition was one year from the date of the denial of his application for post-conviction relief, or February 11, 1997.

We agree with the district court that Walker's improperly filed appeal did not, under the plain language of 28 U.S.C. § 2244(d)(2), toll the limitations period for his filing a petition for writ of habeas corpus under 28 U.S.C. § 2254. See Duvall v. State, 869 P.2d 332, 333-34 (Okla. Crim. App. 1994) (holding that the Court of Criminal Appeals lacks jurisdiction over an appeal that has not been perfected by the filing of a copy of the order of the district court), motion for reconsideration denied, 871 P.2d 1386 (Okla. Crim. App. 1994). Therefore, Walker's habeas petition was untimely under 28 U.S.C. § 2244(d).

On appeal, Walker complains that errors by the state district court clerk resulted in his failure to file the copy of the district court order necessary to perfect his appeal. However, the record indicates that in its order of May 8, 1997, the Oklahoma Court of Criminal Appeals clearly informed Walker of his obligation to file a copy of the district court's order, and ordered the clerk of that court to provide Walker with such a copy, if he or she had not previously done so. Walker offers no explanation for his failure to respond to this order. Therefore, we agree with the district court that Walker's appeal was not "properly filed" within the meaning of 28 U.S.C § 2244(d)(2), and can see no extraordinary equitable reason that mandates additional equitable tolling of the limitations period at issue in this case. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998).

Because Walker has made no "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), his application for a certificate of appealability is **DENIED**. Walker's motion to proceed in forma pauperis is **GRANTED**. These appeals are **DISMISSED**.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge

- 4 -